## LIBERATO ET AL. *v.* ROYER ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF
PENNSYLVANIA.

No. 214.   Argued March 15, 1926.—Decided April 12, 1926.

That part of the elective Workmen's Compensation Act of Pennsylvania which denies compensation to alien parents not residents of the United States, is not, as applied to a case of death without negligence or fault, at variance with the Treaty with Italy, which guarantees that the citizens of each country shall receive in the States and Territories of the other the " protection granted by any State or national law which establishes a civil responsibility for injuries or for death caused by negligence or fault and gives to relatives or heirs of the injured party a right of action, which right shall not be restricted on account of the nationality of said relatives or heirs," etc.   P. 538.

281 Pa. 227, affirmed.

ERROR to a judgment of the Supreme Court of Pennsylvania which sustained a judgment (81 Pa. Super. Ct. 403) denying a claim under the state Workmen's Compensation Law.

*Messrs. William H. Neely* and *Paul A Kunkel,* with whom *Mr. George R. Hull* was on the brief, for plaintiffs in error.

Under the Constitution of Pennsylvania, where there is a death resulting from injuries a right of action survives to such persons as shall be designated by the legislature. It has been held that this constitutional provision, and the various legislative enactments thereunder, created a new and independent property right in the persons

designated by the legislature. *Maiorano* v. *Balto. & Ohio Ry. Co.,* 216 Pa. 402; *Haggarty* v. *Pittston,* 17 Pa. Super. 151; *Books* v. *Danville,* 95 Pa. 158; *North Penna. Ry. Co.* v. *Robinson,* 44 Pa. 175; *Moe* v. *Smiley,* 125 Pa. 136; *Birch* v. *P. C. C. & St. L. Ry. Co.,* 165 Pa. 339; *Mayer* v. *Traction Co.,* 181 Pa. 391; *Michigan Ry. Co.* v. *Vreeland,* 227 U. S. 59. The Compensation Act is the last expression of the legislature regarding the right to recover the damage suffered through injury resulting in death. It is an amendment to previous acts fundamentally changing the rights of relatives and dependents of a person killed in the course of employment, and must be considered as vesting in the relatives of the deceased employee a new and independent property right, which they do not take by way of succession through the employee, but which first exists in themselves as a separate right.

The Treaty of 1871, between the United States and Italy, (17 Stat. 845,) guarantees to Italian citizens, whether residents or non-residents of this country, equal rights with United States citizens. The language of the amended Treaty of 1913, (38 Stat. 1669,) was intended to give to citizens of Italy who are not residents of the United States the same rights and protection in cases where there should be injury resulting in death, this right having been previously denied to Italian non-residents in *Maiorano* v. *Balto. & Ohio R. R. Co.,* 213 U. S. 268. The doctrine of the *Maiorano Case* was rejected in this Court in *McGovern* v. *Phila. & Reading Ry. Co.,* 235 U. S. 291.

A treaty should be construed so as to give effect to the objects designed to be accomplished,—should receive a liberal construction and, where admitting of two constructions, the one favorable to rights claimed under it should be preferred. *Hauenstein* v. *Lynham,* 100 U. S. 483; *Shanks* v. *Dupont,* 3 Pet. 243; *Geoffrey* v. *Riggs,* 133 U. S. 258.

*Mr. Arthur H. Hull,* with whom *Mr. E. E. Beidleman* was on the brief, for defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a claim for compensation under the Workmen's Compensation Act of Pennsylvania. It is for the death of the claimants' son in the employment of the defendants, without negligence or fault on the part of the latter, so far as appears. The son died unmarried and without issue, and the claimants, the plaintiffs in error, were wholly dependent upon him for support; but they were Italians living in Italy. The Compensation Board in obedience to a decision of the Court of Common Pleas awarded $820, and the award was affirmed by that court. The judgment was reversed by the Superior Court on the ground that the statute expressly provided that 'alien parents . . . not residents of the United States shall not be entitled to any compensation,' § 310, and that the Treaty of 1913 with Italy did not cover the case. 81 Pa. Superior Court, 403. The judgment was affirmed by the Supreme Court on the opinion below. 281 Pa. 227. As the plaintiffs contended that the Treaty with Italy invalidated the above clause of the state law and gave them a right to recover, a writ of error was allowed.

Article 3 of the treaty as amended reads: " The citizens of each of the High Contracting Parties shall receive in the States and Territories of the other the most constant security and protection for their persons and property and for their rights, including that form of protection granted by any State or national law which establishes a civil responsibility for injuries or for death caused by negligence or fault and gives to relatives or heirs of the injured party a right of action, which right shall not be restricted on account of the nationality of said relatives or heirs; and shall enjoy in this respect the same rights and privi-

leges as are or shall be granted to nationals, provided that they submit themselves to the conditions imposed on the latter." 38 Stat. 1669, 1670. This amendment was suggested by the decision in *Maiorano* v. *Baltimore & Ohio R. R. Co.*, 213 U. S. 208, that under the laws of Pennsylvania a non-resident alien widow could not recover for the death of her husband caused by the defendant's negligence, although citizens of the State were given a remedy. Following this suggestion, the words of the amendment, if taken literally, deal only with death caused by negligence or fault. It is natural that they should be limited in that way. Apart from those States, of which Pennsylvania is not one, that very recently have substituted for the common law a general system of quasi-insurance, liability without fault is exceptional and usually has not been imposed for death except as the result of a voluntary arrangement. The statutes of Pennsylvania accord with this view of the Treaty. They give to alien non-resident dependent parents the same right to recover damages for death due to fault that they give to citizens and residents. Then the Compensation Act offers a plan different from the common law and the workman is free not to come in under it. If he does, of course all benefits dependent on the new arrangement are matters of agreement and statutory consequences of agreement and cannot be carried further than the contract and statute go. One of those benefits is compensation irrespective of the cause of death, but it is confined to residents. Whether the workman's election to take advantage of the statute could be made a bar to a suit by his parents alleging a wrong is not before us here, but the right to recover without alleging fault depends on the terms of the Act.

We are of opinion that the Treaty was construed rightly by the Courts below. Were it otherwise, and if the excluding clause of the Compensation Act were held void, the question would arise whether the general grant to

parents in the plaintiffs' situation could be extended to cover those whom it excluded in terms or whether, notwithstanding a saving clause, § 502, the whole grant would fail, on the ground that it could not be maintained as made and could not be assumed to go farther. But treaties are not likely to intermeddle with the consequences of voluntary arrangements, if the right is given, as here it was given by other statutes, to sue for death wrongfully caused, at least unless those arrangements made by third persons take away that right. It looks somewhat as if in the first stages of this case that right was supposed to be taken away; but, if so, the question was not saved, and the only question before us is whether the plaintiffs can recover under the Compensation Act, not whether they could recover for a wrongful death, which was not proved or even alleged.

*Judgment affirmed.*