## Norella, et al. v. Maryland Casualty Company, et al.

(Decided October 8, 1926.)

### Appeal from Pike Circuit Court.

Master and Servant—Nonresident Aliens Held Not Entitled to Compensation for Death of Son, Accepting Workmen's Compensation Act, Notwithstanding Treaty (Workmen's Compensation Act, section 22; 38 Stats., 1669, 1670).—Workmen's Compensation Act section 22, Ky. Stats., 4903, providing that certain nonresident aliens shall not be entitled to compensation, does not conflict with treaty with Italy (38 Stats., 1669, 1670) and hence nonresident aliens of Italy cannot claim compensation as partial dependents

for death of their son, who voluntarily accepted Workmen's Compensation Act.

W. G. W. RIDDLE for appellants.

HARMAN, FRANCIS & HOBSON for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Agitina Spadaro Norella, an unnaturalized native of Italy, was on November 2, 1923, employed by the appellee, Norfolk and Western Railway Company, in one of its coal mines in Pike county, Kentucky. On that day Norella sustained an injury resulting from an accident occurring in the course of his employment from the effects of which he died. Both he and his employer had accepted the provisions of the Workmen's Compensation Act and the employer was insured under that act by appellee, Maryland Casualty Company. Appellants, Ziuppe Sparago Norella and Caterina Norella, parents of Agitina Spadaro Norella, through an authorized agent, filed their claim with the workmen's compensation board to obtain compensation for the death of their son on whom they claimed to be dependent. The alleged dependents were nonresident aliens, being citizens and residents of Italy. No proof was taken as to how the accident occurred, but it was stipulated and agreed "that the death of the decedent arose out of and in the course of his employment for the defendant."

Section 22 of the Workmen's Compensation Act (section 4903, Carroll's Kentucky Statutes) provides that "alien widowers, parents, brothers and sisters, not residents of the United States, shall not be entitled to any compensation." The workmen's compensation board found that the claimants were partially dependent and made an award granting them compensation on the theory that section 22 of the act was in conflict with the amendment of 1913 to the treaty between Italy and the United States and was therefore inoperative in this case.

On appeal to the Pike circuit court this award was reversed and the proceedings remanded to the board, with directions to enter an award denying compensation to the claimants. From that judgment the claimants appeal. Article 1 of the treaty between Italy and the United States as amended in 1913 is as follows:

"The citizens of each of the high contracting parties shall receive in the states and territories of

the other the most constant security and protection for their persons and property and for their rights, including that form of protection granted by any state or national law which establishes a civil responsibility for injuries or for death caused by negligence or fault and gives to relatives or heirs of the injured party a right of action, which right shall not be restricted on account of the nationality of said relatives or heirs; and shall enjoy in this respect the same rights and privileges as are or shall be granted to nationals, provided that they submit themselves to the conditions imposed on the latter.'' (February 25, 1913), 38 Stats. at L. 1669, 1670.

In Vietti v. George K. Mackie Fuel Co., 197 Pac. 881, the Supreme Court of Kansas held that a section of the Kansas Workmen's Compensation Act similar to section 22 of our act was in conflict with the treaty with Italy and that the provisions of the treaty, if given a reasonable interpretation, included recovery of compensation where negligence or fault was not an element. The same question was later before the Supreme Court of Pennsylvania in Liberato v. Royer, 281 Pa. 227, 126 Atl. 257. Section 310 of the Pennsylvania Workmen's Compensation Act, being section 22007, Pennsylvania Statutes, 1920, reads in part as follows: ''Alien widowers, parents, brothers and sisters, not residents of the United States, shall not be entitled to any compensation.'' In Liberato v. Royer, *supra*, the Supreme Court of Pennsylvania decided that the provision of the statute above quoted did not contravene the treaty between the United States and Italy, and that the parents of the deceased, who were aliens and citizens and residents of Italy, were not entitled to compensation but were bound by the contractual arrangements made under the statute by their son. The judgment of the Pennsylvania court was affirmed by the United States Supreme Court in Liberato v. Royer, 70 L. Ed. —, 270 U. S. —, 46 S. Ct. 373.

Referring to the amendment of 1913 to the treaty with Italy the Supreme Court said:

''This amendment was suggested by the decision in Maiorano v. Baltimore & O. R. Co., 213 U. S. 268, 53 L. ed. 792, 29 Sup. Ct. Rep. 424, that under the laws of Pennsylvania a nonresident alien widow could not recover for the death of her husband caused

by the defendant's negligence, although citizens of the state were given a remedy. Following this suggestion, the words of the amendment, if taken literally, deal only with death caused by negligence or fault. It is natural that they should be limited in that way. . . . The statutes of Pennsylvania accord with this view of the treaty. They give to alien nonresident dependent parents the same right to recover damages for death due to fault that they give to citizens and residents. Then the Compensation Act offers a plan different from the common law and the workman is free not to come in under it. If he does, of course all benefits dependent on the new arrangement are matters of agreement and cannot be carried further than the contract and statute go. One of those benefits is compensation irrespective of the cause of death, but it is confined to residents. Whether the workman's election to take advantage of the statute could be made a bar to a suit by his parents alleging a wrong is not before us here, but the right to recover without alleging fault depends on the terms of the act.

"We are of opinion that the treaty was construed rightly by the courts below. Were it otherwise, and if the excluding clause of the Compensation Act were held void, the question would arise whether the general grant to parents in the plaintiff's situation could be extended to cover those whom it excluded in terms or whether, notwithstanding a saving clause, section 502, the whole grant would fail, on the ground that it could not be maintained as made and could not be assumed to go farther. But treaties are not likely to intermeddle with the consequences of voluntary arrangements, if the right is given, as here it was given by other statutes, to sue for death wrongfully caused, at least unless those arrangements made by third persons take away that right. It looks somewhat as if in the first stages of this case that right was supposed to be taken away; but, if so, the question before us is whether the plaintiffs can recover under the Compensation Act, not whether they could recover for a wrongful death, which was not proved or even alleged."

Our views are in accord with this reasoning, but were it otherwise the interpretation of the provision, of the treaty in question by the Supreme Court would, of course, be binding upon this court.

The employee in this case had the right to accept or reject the provisions of our Compensation Act, and having voluntarily accepted them his agreement is binding upon his dependents and they being nonresident aliens and section 22 of the Compensation Act not being in contravention of the provision above quoted of the treaty with Italy, they are precluded from claiming compensation thereunder.

Judgment affirmed.