RALPH S. CHAMBERLAIN, as Administrator of the Estate of Raymond T. Chamberlain, Deceased, v. FLORIDA POWER CORPORATION.

198 So. 486

Division A

Opinion Filed November 8, 1940

720

*W. G. Ramseur,* for Plaintiff in Error;

*Cook, Harris, McGlothlin & Dew* and *K. E. Fenderson,* for Defendant in Error.

PER CURIAM.—This case is before us on writ of error from a judgment and order of the Circuit Court of Pinellas County sustaining a demurrer to the plaintiff in error's declaration.

There is no controversy as to the facts involved. Raymond T. Chamberlain, while employed by the Florida Power Corporation, sustained injuries on December 17, 1938, arising from and in the course of his employment, which resulted in his death December 18, 1938. Ralph S. Chamberlain was duly appointed and qualified as administrator of the estate of the deceased employee. As such, he filed a declaration against the Florida Power Corporation in which he sought to recover damages for the wrongful death of Raymond T. Chamberlain under the death by wrongful act statute, Sections 7047, 7048 C. G. L. 1927.

The defendant corporation filed a demurrer to the declaration, it appearing from the declaration that the deceased was "an employee of the defendant within the terms and under the provisions of the Florida Workmen's Compensation Act of 1935, as amended by Chapter 18413, Acts of 1937." The court sustained the demurrer and upon the plaintiff's refusal to amend, entered final judgment dismissing the action.

The question presented is whether, under the Florida Workmen's Compensation Act, *supra,* the personal representative of a deceased employee can maintain a suit at law for damages against an employer for the alleged wrongful

death of the employee under the death by wrongful act statute, *supra*, when the employer has complied with and the employee accepted the provisions of the Act.

The deceased employee left no dependents to take compensation under the Act and the plaintiff in error earnestly contends that a remedy under the Act cannot be "exclusive" where no right of action exists, there being no provision in the Act for payment of compensation to other than dependents of the deceased employee.

Under our Workmen's Compensation Act, the provisions of the Act are optional, and if accepted, the relation of the employer and employee being contractual, the terms of the Act are to be read into every contract of service between those subject to its terms. Smith v. Van Noy Interstate Co., 150 Tenn. 25, 262 S. W. 1048, 35 A. L. R. 1409; Industrial Commission v. Aetna Life Insurance Co., 64 Colo. 480, 174 P. 589, 3 A. L. R. 1336; Grinnell v. Wilkinson, 39 R. I. 447, 98 A. 103, L. R. A. 1917B, 676, Ann. Cas. 1918B, 618.

In Liberato v. Royer, 281 Pa. 227, 126 A. 257, the court states:

" * * * What the employee, on behalf of himself and relatives, waives by the contract, is the right to recover damages, by an action at law for his injury or death in the course of his employment resulting from the negligence of the employer. This contract he is authorized by the statute to make. What he acquired by the contract is the right to compensation under the statute for any injury which he may sustain in the course of his employment, and the certainty that, in case of his death from such injury, compensation shall be made to his dependents in the manner by the statute provided, and this to be in no manner dependent upon whether the injury or death resulted from any negligence or fault of his employer. * * *

" * * * Parents had no property, no vested interest, in the right given by statute to recover damages for negligence resulting in the death of an adult son. * * * When employer and employee accept the provisions of the statute their relations become contractual, and the statutes which give to parents the right to recover damages for the death of an adult son resulting from the negligence of the employer have no application. * * * "

Mr. Justice HOLMES, in the same case, 46 S. Ct. 373, 270 U. S. 535, 70 L. Ed. 719, states:

" * * * The Compensation Act offers a plan different from the common law and the workman is free not to come under it. If he does, of course all benefits dependent on the new arrangement are matters of agreement and statutory consequences of agreement and cannot be carried further than the contract and statute go. * * * "

One of the benefits to the employee is compensation irrespective of the cause of injury, but under our Act this does not apply to other than dependents. The right to bring suit at law for damages for death by wrongful act did not exist at common law. It exists only by virtue of statute. L. & N. R. R. Co. v. Jones, 45 Fla. 407, 34 So. 246. It being competent for the Legislature to take away this right, it is competent for them to enact that the employee may by contract elect to have damages for injuries or death he may sustain governed by the provisions of the Workmen's Compensation Act. This Act, as amended, states:

"Section 16. (a) If death results from the accident * * *, the employer shall pay:

"(a) Reasonable funeral expenses not to exceed $150.00.

"(b) Compensation, in addition to the above, in the following percentages * * * to the following persons entitled thereto on account of dependency upon the deceased * * *:

"(7) If the deceased employee leaves no widow or widower or no dependents entitled to compensation hereunder, $500.00 shall be paid to the Florida Industrial Commission and no other compensation or benefit, except funeral expenses provided in paragraph (a) hereof, shall be due or payable, and no compensation shall be payable to the personal representative, estate or any one else on account of said death. * * * "

It appears that the Legislature expressly considered the situation where the deceased employee left no dependents and limited the employers' liability in that situation. In such situation, the personal representative of the deceased employee is bound by the terms of the deceased employee's contract of employment, into which is read the statute above quoted, and he cannot bring an action for death by wrongful act under Section 7047, 7048 C. G. L. 1927, they not being applicable by virtue of the contract of employment.

This decision is not in conflict with Maryland Casualty Co. v. Southerland, 125 Fla. 282, 169 So. 679, for that action was brought under the Act as originally enacted in 1935, which provided for payment of compensation to the personal representative of a deceased employee where the employee left no dependents. Section 16 (b), Chapter 17481, Act of 1935. This section was amended in 1937 as quoted above.

The order and judgment should be affirmed.

Affirmed.

TERRELL, C. J., BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.