MCDONALD *v.* MINER ET AL.

[No. 27,528.   Filed April 1, 1941.]

*Bowser & Bowser,* of Warsaw, and *Parent & Kenefick,* of Michigan City, for appellant.

J. *Edward Headley*, of Warsaw, for appellees.

SHAKE, J.—On October 29, 1937, H. Marie Dedrick McDonald was employed by the appellee School City of Warsaw as a domestic science teacher. On said date she received an injury arising out of and in the course of her employment which resulted in her death on November 29, 1937. She was survived by her husband, the appellant herein, who was more than 21 years of age, able-bodied, and not dependent upon his wife for support. The school city was insured by the appellee The Aetna Casualty and Surety Company against liability for damages. On December 8, 1937, the appellant entered into a compensation agreement with the school city, by the terms of which he was paid $56.57 as compensation benefits accruing to the decedent between the time of her injury and death, and $150 as statutory funeral expense. In consideration of these payments, the appellant released and discharged the school city "from any and all claims which he has or might have under the Workmen's Compensation Law of Indiana, for the accidental injury and death of his said wife." This agreement was approved by the Industrial Board of Indiana on December 11, 1937.

Thereafter, the appellant instituted this action to recover damages from the appellees upon the theory that the death of his wife was proximately caused by the negligence of the school city in furnishing her a defective gasoline stove for use in the discharge of her duties. The appellees filed separate pleas in abatement, in each of which it was alleged that the exclusive jurisdiction of the subject-matter of the action was in the Industrial Board of Indiana. Demurrers for want of facts were filed to the pleas in abatement, which were subsequently overruled. The evidence being stipulated,

the court sustained the several pleas, and rendered judgment that the appellant's action abate and that the appellees recover costs. The appellant filed a motion for a new trial, which was denied, and the only errors assigned in this court relate to the overruling of the demurrers, the sustaining of the pleas in abatement, and the denial of a new trial on the issues formed thereon.

It is to be noted that Acts 1935, ch. 245, p. 1254, provides, among other things, that in an action against a municipal corporation for damages resulting from accidental death, such corporation may not set up its governmental immunity if it is insured against such liability, but the action shall be tried on its merits, as if the insured were a natural person or private corporation. Municipal corporations are defined in the act so as to embrace school cities. § 39-1816 and § 39-1817, Burns' 1940 Replacement, § 9512-37 and § 9512-38, Baldwin's Supp. 1935.

Section 6 of the Compensation Act provides that:

"The rights and remedies herein granted to an employee subject to this act on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death." Acts 1929, ch. 172, p. 537, § 40-1206, Burns' 1940 Replacement, § 16382, Baldwin's 1934.

The appellant contends that under the undisputed facts of this case he is not the personal representative, a dependent, or next of kin of his deceased wife, and that he is, therefore, not barred from pursuing his remedy under the wrongful death statute. It is apparent from the face of the proceedings that the appellant is not prosecuting this action

as the personal representative of the decedent, and it was stipulated at the trial that he "was not dependent upon his wife . . . for support of any kind." The inquiry is thus reduced to whether the appellant, being the sole and only heir at law of his wife, may be regarded as her next of kin within the meaning of the Compensation Act. Generally, "next of kin" is construed to mean nearest blood relations according to the law of consanguinity, and not to include the widow or widower. 46 C. J., p. 473; 28 Words and Phrases (Permanent Edition), p. 630 *et seq.* But in the interpretation of wrongful death statutes, the rule stated has been relaxed and "next of kin" is usually interpreted to embrace all those who take under the laws of descent and distribution, including the surviving spouse. *Steel, Adm'r* v. *Kurtz* (1876), 28 Ohio St. 191; *Railway Co.* v. *Townsend* (1905), 71 Kan. 524, 81 P. 205, 6 Ann. Cas. 191; *Joplin & P. Ry. Co.* v. *Payne* (1912), 194 F. 387, 114 C. C. A. 305.

The Appellate Court of this state reached a like conclusion in construing another section of our Compensation Law where similar language was used. Section 36 of the Compensation Act formerly provided that when an employee was entitled to compensation for an injury and died from any other cause than the injury, payment of the unpaid balance of compensation should be made to his next of kin dependent upon him for support. Acts 1915, ch. 106, § 36, p. 402. The court held that, taking into account the objectives of the Compensation Law and considering the law in its entirety, the words "next of kin dependent upon him for support" were broad enough to include the surviving widow, although, technically, she was not of kin to her deceased husband. *National Power, etc., Co.* v. *Rouleau* (1924), 81 Ind. App. 585,

144 N. E. 557. It would appear, therefore, that § 6 of our Compensation Act should likewise be construed as manifesting a legislative intent to include the appellant in the words "next of kin" found therein.

The next question that presents itself is whether the Legislature, having excluded the appellant from compensation benefits upon the ground that he was not dependent upon his wife for support, had the power to deprive him of the right to maintain an action at law for her alleged wrongful death. *Chamberlain* v. *Florida Power Corporation* (1940), 144 Fla. 719, 198 So. 486, is precisely in point. The wrongful death statute of that state provides for an action at law for damages by a personal representative, notwithstanding there are no dependents; but the compensation act provides that "if the deceased employee leaves no widow or widower or no dependents . . . no compensation shall be payable to the personal representative, estate or any one else on account of said death." The decedent met his death under such circumstances as would have justified payment of compensation if there were dependents, but there were none. The personal representative sought to maintain an action for damages, and a demurrer to the declaration was sustained. The court held that the personal representative of the deceased employee could not maintain a suit at law for damages against the employer under the wrongful death statute when the employer had complied with and the employee had accepted the provisions of the compensation act, notwithstanding the employee left no dependents to take compensation. This conclusion was predicated upon the theory that operation under the compensation law is optional with respect to both employer and employee; that the relationship arising therefrom is contractual in character; that the em-

ployee by acceptance has, in effect, contracted as to whom his dependents shall be, and that those who otherwise would be regarded as dependents under the wrongful death statute may not complain since there is no vested right in an action for wrongful death. In the course of the opinion, the court cited and quoted at length from *Liberato* v. *Royer* (1924), 81 Pa. S. C. 403, 281 Pa. 227, 126 A. 257, affirmed in 270 U. S. 535, 46 S. Ct. 373, 70 L. Ed. 719. While the last mentioned case was one arising under the compensation law of Pennsylvania, the reasoning of the decision is applicable.

In our opinion, the trial court did not err in denying appellant a new trial in the proceeding for the abatement of the action.

The judgment is affirmed.

NOTE.—Reported in 32 N. E. (2d) 885.