TERRELL, Acting Chief Justice.
Donald Howze, a minor, was killed in line of duty while employed by appellee. Decedent’s father brought this action to recover damages for mental pain and suffering on account of the negligent death of his minor son. Motion to dismiss the complaint was granted and the plaintiff appealed.
The point for determination is whether or not Section 768.03, F.S.A. bars the father of a minor from recovery under the facts stated.
The trial court, on authority of Chamberlain v. Florida Power Corporation, 144 Fla. 719, 198 So. 486, answered this question in the affirmative and we think correctly. Appellant contends that it was not the purpose of the Workmen’s Compensation Act to exclude the father from recovering damages for mental pain and suffering in a-case like this, but we think Section 440.11, F.S.A. is a complete answer to this contention. The philosophy of workmen’s compensation is that when employer and employee accept the terms of the act their relations become contractual and other statutes authorizing recovery *278 for negligent death become ineffective. Shanahan v. Monarch Engineering Co., 219 N.Y. 469, 114 N.E. 795; In Liberato v. Royer, 281 Pa. 227, 126 A. 257 and others.
The judgment appealed from is affirmed on authority of the cited cases.
Affirmed.
THOMAS, HOBSON and DREW, JJ., concur.