268 So.2d 363 (1972)
Joseph A. MULLARKEY, Individually and As Administrator of the Estate of John B. Mullarkey, a Minor, Deceased, Appellant,
v.
FLORIDA FEED MILLS, INC., a Florida Corporation, and Aetna Insurance Company, an Insurance Corporation, Appellees.
No. 41219.
Supreme Court of Florida.
October 25, 1972.
*364 Joseph M. Glickstein, Jr., Jacksonville, for appellant.
T. Malcolm Kirby, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, Jacksonville, for appellees.
CARLTON, Justice:
In this appeal, a parent, individually and as administrator of his deceased minor son's estate, challenges the constitutionality of Florida Statutes, Chapter 440, F.S.A., insofar as it relates to compensation for death of an employee leaving no surviving dependents. We affirm the decision of the Circuit Court, Duval County, that the Chapter, as applicable, is constitutional.[1]
Appellant's son died on July 20, 1970, in an industrial accident while working for a business covered under the Workmen's Compensation Act. The deceased was unmarried and had no children; his parents survived him, but they were not financially dependent upon him. Appellant parent, individually and as administrator, brought suit in Circuit Court seeking whatever relief possible under Fla. Stat. § 46.021, F.S.A., the Survival Statute, and Fla. Stat. §§ 768.01, .02 and .03, F.S.A., the Wrongful Death Acts. The death was alleged to have been the result of the employer's negligence. The employer denied any negligence on its part; more importantly, it denied the existence of any cause of action in behalf of the deceased outside of the confines of the Workmen's Compensation Act.
This case is somewhat unusual in that appellant admits that under the wording of the applicable sections of Chapter 440, and prior decisions of this Court, the employer was entitled to summary judgment. The applicable statutory sections are: § 440.02(2)(a), defining a minor child as an "employee"; §§ 440.03 [1969], 440.05 [1969] and 440.07 [1969], giving the employee opportunity to accept or reject the Act as part of the work contract; § 440.11, making the Act the exclusive source of liability of the employer if the employee has accepted the Act; § 440.16, making compensation for death relate directly to dependency, except for funeral expenses in the amount of $500.00; § 440.16(2)(e), allowing recovery to parents only if dependent. The prior decisions of this Court, which are similar in fact and in law to this case, are Amsler v. Sox Meat Packers, 75 So.2d 207 (Fla. 1954), Howze v. Lykes Bros., 64 So.2d 277 (Fla. 1953), and Chamberlain v. Florida Power Corp., 144 Fla. 719, 198 So. 486 (1940).
Appellant's case in Circuit Court, as well as here, was based on the contention that the above statutory sections were unconstitutional; under this theory, it is argued, our previous decisions in similar situations would amount for naught because they assumed the constitutionality of the Act as applied. The trial court noted in its Summary Final Judgment: "The parties agree that if the court subscribes to the reasoning of the defendants [employer and carrier] that the Workmen's Compensation law limits the recovery in this action to $500.00 [funeral expenses under Fla. Stat. § 440.16(1), F.S.A.] the court should enter a summary final judgment for the defendants, but if the court subscribes to plaintiff's theory of unconstitutional discrimination the defendants' motion for summary judgment should be denied."
Appellant's constitutional argument is this. Normally, when a minor child dies, allegedly as the result of the negligence of another, the parents, individually and as administrators, may seek redress under the Survival Statute and the Wrongful Death Acts if the circumstances permit. When that child is an employee, redress is still available under Fla. Stat. § 440.16, F.S.A., if the child leaves dependents surviving, even though the Survival and the Death *365 Acts are not applicable. However, should the child die, as here, without leaving dependents surviving, then no recovery is possible other than for funeral expenses. Thus the Legislature has instituted a system wherein survivors of a non-employed child may seek relief under the Survival Statute and the Wrongful Death Acts; and wherein survivors of a child who were dependent upon him may seek relief under the Workmen's Compensation Act; but also wherein non-dependent survivors of an employed child are precluded from relief, not only under Survival and Wrongful Death statutes, but also under the Workmen's Compensation Act. This last category of survivors is effectively denied any recovery, and such discrimination is unconstitutional because it is not based on any rational distinction or reason.
Candor compels an admission that we are sympathetic with appellant's position, but we do not doubt the constitutionality of the statutes in question. Several factors contribute to this conclusion.
First, the assertion that Chapter 440 discriminates because it limits death benefits to those who are financially dependent on the deceased is not new. In Chamberlain v. Florida Power Corp., supra, an administrator for a deceased employee filed a wrongful death action in Circuit Court. The deceased left no dependents surviving, and the administrator's argument was that the remedy for death set out in Chapter 440 could not be "exclusive" because provision was made only for compensation of dependents. Where there were no dependents, it was argued, the Wrongful Death Acts then became available notwithstanding the status of the deceased as an employee.
The Circuit Court dismissed the action and this Court granted review. We held that because the provisions of Chapter 440 were optional, the employee was free to accept or reject coverage under Act. When coverage was elected, then the Chapter's provisions, including compensation for death and exclusiveness of liability, applied and bound the employee, and through him his representatives and survivors. We also held that the Legislature fully intended that the Act apply even when no dependents survived, because it amended an earlier version of the Act which left the issue in doubt; see Maryland Casualty Co. v. Sutherland, 125 Fla. 282, 169 So. 679 (1936), which was decided before the amendment.
The subject matter of litigation in Howze v. Lykes Bros., supra, was the right of a parent to bring a wrongful death action for the death of his minor child, an employee who died in a work-related accident. The parent's suit was dismissed in Circuit Court and an appeal was taken here. We approved the dismissal:
"The point for determination is whether or not Section 768.03, F.S.A. bars the father of a minor from recovery under the facts stated.
"The trial court, on authority of Chamberlain v. Florida Power Corporation, 144 Fla. 719, 198 So. 486, answered this question in the affirmative and we think correctly. Appellant contends that it was not the purpose of the Workmen's Compensation Act to exclude the father from recovering damages for mental pain and suffering in a case like this, but we think Section 440.11, F.S.A. [the exclusiveness of liability section] is a complete answer to this contention. The philosophy of workman's compensation is that when employer and employee accept the terms of the act their relations become contractual and other statutes authorizing recovery for negligent death become ineffective. [citations omitted]"
In the instant case, the deceased had the option to accept or reject coverage at the time of employment, under authority of Fla. Stat. §§ 440.03 (1969), 440.05(2) (1969) and 440.07 (1969), F.S.A. By his voluntary act, he chose to bind himself, and his representative and survivors in event of death, to the provisions of the *366 Act. No unconstitutional discrimination exists under these circumstances.
Second, we think it fully within the power of the Legislature to provide for a Workmen's Compensation system which supersedes other legislation affecting compensation or relief after death or injury. Distribution of the inevitable costs of industrialism on a rational basis is within the interests of the citizens of this State. General welfare costs are reduced to the extent that compensation keeps the injured and his dependents from the public dole. Protracted litigation is superseded by an expeditious system of recovery. Protectu Awning Shutter Co. v. Cline, 154 Fla. 30, 16 So.2d 342 (1944); Duff Hotel Co. v. Ficara, 150 Fla. 442, 7 So.2d 790 (1942).
Third, the concept of exclusiveness of remedy embodied in Fla. Stat. § 440.11, F.S.A. appears to be a rational mechanism for making the compensation system work in accord with the purposes of the Act. In return for accepting vicarious liability for all work-related injuries regardless of fault, and surrendering his traditional defenses and superior resources for litigation, the employer is allowed to treat compensation as a routine cost of doing business which can be budgeted for without fear of any substantial adverse tort judgments. Similarly, the employee trades his tort remedies for a system of compensation without contest, thus sparing him the cost, delay and uncertainty of a claim in litigation.
Fourth, the requirement of dependency for compensation in the event of death under Fla. Stat. § 440.16, F.S.A. also appears to be rational in light of the purposes of the Act. Unlike tort remedies, relief under Workmen's Compensation (other than medical benefits) is directly related to loss of earning power either to the employee, or to those financially supported by him; pain and suffering, loss of consortium and the like are not compensable, because the purpose of the Act is not to provide tort relief, but to supplant the uncertainty of those remedies with a scheduled payment of lost wages. Under this concept, those not financially supported by the deceased employee suffer no loss with his demise. Note Amsler v. Sox Meat Packers, 75 So.2d 207 (Fla. 1954); Patterson v. Sears-Roebuck & Co., 196 F.2d 947 (5th Cir.1952).
Fifth, the Workmen's Compensation Act does not abolish the Survival Statute and the Wrongful Death Acts in regard to employees; rather, the Act only supplants these civil remedies during the existence of the employer-employee relationship. Vanlandingham v. Florida Power & Light Co., 154 Fla. 628, 18 So.2d 678 (1944). When off the job, the employee is not subject to Workmen's Compensation. Additionally, even when on the job, injury or death resulting from the negligence of a third party tort-feasor gives the employee or his survivors and representatives full right to initiate a tort action under Fla. Stat. § 440.39, F.S.A. Grice v. Suwannee Lumber Mfg. Co., 113 So.2d 742 (1st D.C.A., Fla. 1959).
Finally, we note in passing that the above points are not limited in application to the death of a minor. In Winn-Lovett Tampa, Inc., v. Murphree, 73 So.2d 287 (Fla. 1954), this Court held that injuries sustained by a minor at work were also limited to remedies under the Workmen's Compensation Act. We said in part: "Little need is there for us to comment upon the power of the legislature to abolish the remedies under common law where no violation of constitutional rights are involved."
The judgment appealed from is affirmed.
It is so ordered.
ROBERTS, C.J., and ADKINS, BOYD and McCAIN, JJ., concur.
*367 ERVIN, J., dissents with Opinion.
DEKLE, J., dissents and concurs with Conclusion in Opinion by ERVIN, J.
ERVIN, Justice (dissenting):
I believe Florida Statutes, Chapter 440 F.S.A., to be unconstitutional insofar as it eliminates for a limited class of persons all right of recovery for the wrongful death of another.
Since 1883 this State has had a wrongful death act giving some interested party or parties the right to bring an action to recover damages incurred through "the death of any person in this state ... caused by [another's] wrongful act, negligence, carelessness or default... ." F.S., Section 768.01(1), F.S.A.F.S. Section 768.02, F.S.A. provides that such suit shall be brought by the surviving spouse, or if none, by the decedent's minor children. Where there is neither a surviving spouse nor minor children, "then the action may be maintained by any person or persons dependent on such person killed for a support; and where there is neither of the above classes of persons to sue, then the action may be maintained by the executor or administrator, as the case may be, of the person killed." F.S., Section 768.02, F.S.A.[1] (Emphasis added.) The section further provides that "in every such action the jury shall give such damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed... ." In addition, Section 768.03 permits a parent to individually maintain such an action where the decedent is a minor.
It seems clear that the purpose of the Wrongful Death Act is protection for creditors, dependents and potential dependents of those killed through the wrongful acts of others. Under it, Appellant, as the Administrator of the deceased's estate, has a cause of action against Appellees for the death of his son.
It is the majority's contention, however, that the Wrongful Death Act is superseded in this case by Florida's Workmen's Compensation Act, Chapter 440, Florida Statutes, because the minor decedent was killed while temporarily acting in the course and scope of his employment and while he was covered by workmen's compensation, even though the Workmen's Compensation Act provides no coverage in this case. In support of its position, the majority points out that Section 440.11 provides that Chapter 440 shall furnish exclusive remedies to those electing workmen's compensation coverage and suffering injuries or death while so covered. The "compensation for death" section of the Act, Section 440.16, provides that the employer shall be liable solely for "actual funeral expenses not to exceed five hundred dollars" and compensation based upon a percentage of the decedent's weekly wages to be paid to dependents only.
Nondependent but interested third parties, therefore, such as creditors, nondependent relatives and personal representatives, i.e., the Appellant in this case, are unable under the Workmen's Compensation Act to recover any sum whatsoever from an employer whose negligence causes the death of an employee. Furthermore, under the majority's interpretation of that Act, such parties are prohibited from proceeding under the Wrongful Death Act even though it gives them a cause of action. I am unable to find any justification for this incongruous, unequal result.
The majority opinion clearly does nothing to advance the goals of either Act. It *368 frustrates the Wrongful Death Act's attempt to provide for those to whom the decedent may be indebted while being unresponsive to the Workmen's Compensation Act's dual purposes of providing benefits for workers injured on the job and preventing employers from being exposed to double liability through multiple claims. In fact, the majority result gives the employer a windfall by permitting it to escape all liability even for a death caused by its negligence. Surely the Workmen's Compensation Act does not intend to render totally harmless a negligent employer who is responsible for an employee's wrongful death. See Trail Builders Supply Company v. Reagan, Fla. 1970, 235 So.2d 482, 485.
If the Act does intend the majority's holding, it is unconstitutional to the extent nondependent survivors or personal representatives are denied equal protection by a law that takes away any right of action to claim redress on an employee's death if he dies in an industrial accident when covered by statutory workmen's compensation, leaving no current dependents, when other laws permit redress if the decedent were either nonemployed or survived by nondependents. Not only is such a result forbidden by the equal protection provisions of both the United States and the Florida constitutions, but it is also unconstitutional under Article I, Section 21 of the Florida Constitution which provides that the courts of this state "shall be open to every person for redress of any injury... ."
The majority attempts to justify its decision by stating that the deceased employee had the option of either accepting or rejecting workmen's compensation coverage at the time of his employment. Had he rejected such coverage, the majority would permit a wrongful death action. I feel it is naive to suggest that a workman is truly free to decline workmen's compensation coverage. As a practical matter, employees in this industrial age must accept such coverage for the chances that they will be injured in some manner while at work are much greater than are the chances of death.
Furthermore, even if a workman may contract away his own right to seek recovery against his employer in an action at law by accepting workmen's compensation benefits, I do not believe he can contract away the rights of nonconsenting third parties (especially creditors who look to a decedent's personal representative for payment of their claims from the deceased's estate) by accepting workmen's compensation statutes where there is no quid pro quo provided for them in the form of benefits. See Shingleton v. Bussey, Fla. 1969, 223 So.2d 713, text 718.
Interpreting the statute to preclude recovery here is of the same genre of antiquated cases beginning with Baker v. Bolton, 1 Camp, 170 Engl.Rep. 1033 (1808), wherein Lord Ellenborough enunciated the common-law rule against recovery for wrongful death. That holding has had dwindling progeny in Florida cases even into recent years. See, for example, Florida East Coast Railway Co. v. McRoberts, 1933, 111 Fla. 278, 149 So. 631, and Moragne v. State Marine Lines, Inc., Fla. 1968, 211 So.2d 161. Happily, however, Lord Ellenborough's "barbarous aberration" has been almost totally discarded throughout the United States. See Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). Florida lately has moved with the modern humanitarian trend in this area of the law. See Gates v. Foley, Fla., 247 So.2d 40; Garner v. Ward, Fla., 251 So.2d 252, and Trail Builders Supply Co. v. Reagan, supra.
In a related case, the First District Court of Appeal in Guarantee Trust Life Insurance Company v. Mullarkey, 266 So.2d 692, decided September 14, 1972, rejected a contention by the insurance company that an exclusion in its student accident policy precluded recovery by Mullarkey because his minor son was covered by workmen's *369 compensation at the time of his accidental death. The Court said:
"This position is insisted upon [by the insurance company] despite the admitted fact that no compensation whatever is payable under the workmen's compensation insurance policy on account of the insured's death, because there exists no class or classes of persons entitled to compensation within the limitations and restrictions of the workmen's compensation law. With this contention we are unable to agree.
"The student accident insurance policy issued by appellant clearly covers the insured minor during the period of his employment with Florida Feed Mills, Inc. It specifically provides for payment of an agreed sum in the event the insured meets his death from accidental means. While it is true that his employment brought him within the protection of the workmen's compensation insurance policy held and maintained by his employer, the fact remains that this insurance policy afforded no benefits for a loss resulting from the insured's death except funeral benefits which are not a point of controversy in this proceeding. It is our construction of the exclusionary clause contained in the insurance policy sued upon herein that its purpose and intent is to prevent double payment to the insured or his beneficiaries of benefits arising from a single loss which is compensable under both the policy sued upon and a workmen's compensation insurance policy covering the insured and in effect at the time of the loss."
This is a classic case for the exercise of equity jurisdiction where the statute creates a hardship by denying a legal remedy contrary to the Constitution. Equity can fashion a remedy appropriate to the vindication of rights which the law ostensibly denies. Compare Riggs v. Palmer, 115 N.Y. 506, 22 N.E. 188; Beley v. Naphtaly, 169 U.S. 353, 18 S.Ct. 354, 42 L.Ed. 775. If there are no creditors of the deceased employee or if he has no survivors within the contemplation of the wrongful death act, no remedy need be fashioned.
DEKLE, J., concurs in conclusion.
NOTES
[1] Note related case  Guarantee Trust Life Ins. Co. v. Mullarkey, 266 So.2d 692 (1st DCA Fla. 1972).
[1] The 1972 Florida Legislature enacted Ch. 72-35, effective July 1, 1972, which liberally extends survivors' benefits in wrongful death cases. While this statute does not apply in this case because the decedent involved met his death in 1970, it denotes a trend in the law "to shift the losses resulting when wrongful death occurs from the survivors of the decedent to the wrongdoer." F.S., § 768.17, F.S.A. See U. of Fla.Law Review, Vol. XXIV, No. 3, p. 577, et seq.