PRESENT: All the Justices

MARTHA R. GIORDANO,
AS PERSONAL REPRESENTATIVE OF
SCOTT ALEXANDER GIORDANO, DECEASED

                                            OPINION BY
 v.  Record No. 111771              JUSTICE CLEO E. POWELL
                                         JUNE 7, 2012
McBAR INDUSTRIES, INC., ET AL.

           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                   Clarence N. Jenkins, Jr., Judge

     In this appeal from a judgment in a wrongful death action,

we consider whether the circuit court erred in holding that the

exclusivity provision of the Virginia Workers' Compensation Act

(the "Act") bars a non-dependent individual who is not eligible

to collect benefits under the Act from bringing an action in

tort.  We further consider whether the circuit court erred in

holding that this provision of the Act bars an action in tort

against the supplier of a product used in the construction

process.

                          BACKGROUND

     Scott Alexander Giordano ("Scott") and Martha R. Giordano

("Martha") were married in 1999.  In December of 2007, the

parties separated and Martha moved out of the marital home.

Scott and Martha continued to live separately until August 2,

2008, when the marital home was sold.  At that time, Scott moved

in with Martha.  However, Scott and Martha continued to maintain

separate bank accounts and did not co-mingle funds or incur any joint debt.

On August 8, 2008, Scott was hired as an insulator for McBar Industries, Inc. ("McBar").[1] At the time, McBar was the general contractor on a construction project in Chester, Virginia that involved the erection of a multi-story, mixed-use building. The construction project required the use of several subcontractors and vendors. McBar subcontracted with E.C. Couch Builder, Inc. ("Couch") to construct and frame the building and A. Bertozzi, Inc. ("Bertozzi") to hang drywall. Bertozzi, in turn, hired Virginia Builder's Supply, Inc. ("Builder's Supply") to deliver the drywall.

On September 10, 2008, Scott was working on the first floor of the building while Builder's Supply delivered approximately two tons of drywall and related supplies to the second floor of the building. The placement of these materials caused the structure to fail; the first floor walls collapsed, bringing down the second floor and roof. The collapse killed Scott.

On October 9, 2008, Martha filed a claim for benefits with the Virginia Workers' Compensation Commission (the "Commission") stemming from Scott's death. After hearing the evidence, a

---

[1] Although there is evidence that Scott had been doing part-time work for McBar prior to August 8, 2008, we need not consider that fact, as the length of time Scott was employed by McBar is not relevant to the present case.

deputy commissioner determined that Scott's estate was entitled to funeral expenses as required under Code § 65.2-512(B).  The deputy commissioner further determined that Martha was not a dependent of Scott and, therefore, was not entitled to workers' compensation benefits.

On March 23, 2010, Martha, as personal representative of her husband's estate, filed a wrongful death claim in the Circuit Court of the City of Richmond against McBar, Couch, Bertozzi, and others.  On June 30, 2010, Martha amended her complaint to include Builder's Supply as a defendant.  The defendants filed pleas in bar, arguing that Code § 65.2-307(A),[2] the exclusivity provision of the Act, barred Martha's action.  The circuit court determined that, because the Commission had jurisdiction over the present matter, the exclusivity provision applied.  Accordingly, the circuit court sustained the pleas in bar.[3]

Martha appeals.

---

[2] Code § 65.2-307(A) states:
The rights and remedies herein granted to an employee when his employer and he have accepted the provisions of this title respectively to pay and accept compensation on account of injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death.

[3] The circuit court overruled the pleas in bar filed by defendants who are not parties to the present appeal.

ANALYSIS

Martha argues that the circuit court erred in sustaining the pleas in bar because she was not a member of the class to whom the Act applies. Specifically, Martha contends that because she is not a dependent of Scott she is not eligible for compensation under the Act. Therefore, neither the Act nor the exclusivity provision apply to her.

"The right to compensation under the work[ers'] compensation law is granted by statute, and in giving the right the legislature had full power to prescribe the time and manner of its exercise." Winston v. City of Richmond, 196 Va. 403, 407, 83 S.E.2d 728, 731 (1954). The plain language of the Act establishes that the General Assembly clearly limited the applicability of the Act to injuries or death by accident "arising out of and in the course of" an individual's employment. Code § 65.2-300. "When an employee sustains such an injury, the Act provides the sole and exclusive remedy available against the employer." Butler v. Southern States Coop., Inc., 270 Va. 459, 465, 620 S.E.2d 768, 772 (2005). Thus, contrary to Martha's argument, the applicability of the Act does not turn on the compensability of the claim. Rather, the compensability of the claim turns, in part, on the Act's applicability.

4

Put simply, when the injury falls within the purview of Code § 65.2-300, the exclusivity provision applies.  See Butler, 270 Va. at 466, 620 S.E.2d at 773 ("The exclusivity provision of Code § 65.2-307 applies only to an injury both 'arising out of' and 'in the course of' an individual's employment").  However, when the injury does not arise out of or occur in the course of the employment, the exclusivity provision does not apply.  See, e.g., Griffith v. Raven Red Ash Coal Co., 179 Va. 790, 798, 20 S.E.2d 530, 534 (1942).

We have explained that "[a] particular claim may be non-compensable [under the Act] for one of two reasons: (1) it does not fall within the purview of the Act, or (2) while within the purview of the Act, certain defenses preclude recovery."  Adams v. Alliant Techsystems, Inc., 261 Va. 594, 598, 544 S.E.2d 354, 356 (2001).

> [A] successfully asserted defense under the Act
> may render a particular claim non-compensable;
> however, there is a significant difference
> between a claim arising within the purview of the
> Act that is subject to defenses and a claim that
> is not within the purview of the Act at all.  In
> the former case, there is no recourse to common
> law remedies; in the latter case, there is.

Id. at 599, 544 S.E.2d at 356.

We further note that a number of jurisdictions have addressed similar situations and have come to the same

5

conclusion.[4]  The Supreme Court of Indiana's analysis in McDonald

v. Miner, 32 N.E.2d 885 (Ind. 1941), is particularly persuasive.[5]

In McDonald, the decedent received fatal injuries as the result

of an accident that arose out of and occurred in the course of

her employment.  Id. at 885.  Her husband, who was not dependent

upon the decedent for support, was awarded funeral expenses[6] by

the Industrial Board of Indiana.  Id.  He subsequently filed a

wrongful death action against the decedent's employer.  Id.  The

---

[4] See Thol v. United States, 218 F.2d 12 (9th Cir. 1954); Underwood v. United States, 207 F.2d 862 (10th Cir. 1953); Patterson v. Sears-Roebuck & Co., 196 F.2d 947 (5th Cir. 1952); Smith v. Gortman, 403 S.E.2d 41 (Ga. 1991); Estate of Coates v. Pacific Eng'g, 791 P.2d 1257 (Haw. 1990); Morris v. W.E. Blain & Sons, Inc., 511 So. 2d 945 (Miss. 1987); Taylor v. Southeast-Harrison W. Corp., 694 P.2d 1160 (Alaska 1985); Morrill v. J & M Constr. Co., 635 P.2d 88 (Utah 1981); Mullarkey v. Florida Feed Mills, Inc., 268 So.2d 363 (Fla. 1972); Stample v. Idaho Power Co., 450 P.2d 610 (Idaho 1969); Duley v. Caterpillar Tractor Co., 253 N.E.2d 373 (Ill. 1969); Maiuri v. Sinacola Constr. Co., 170 N.W.2d 27 (Mich. 1969); Neville v. Wichita Eagle, Inc., 294 P.2d 248 (Kan. 1956); Bigby v. Pelican Bay Lumber Co., 147 P.2d 199 (Or. 1944); Atchison v. May, 10 So.2d 785 (La. 1942); Chamberlain v. Florida Power Corp., 198 So. 486 (Fla. 1940); Holder v. Elms Hotel Co., 92 S.W.2d 620 (Mo. 1936); Treat v. Los Angeles Gas & Electric Corp., 256 P. 447 (Cal. Ct. App. 1927); Hilsinger v. Zimmerman Steel Co., 187 N.W. 493 (Iowa 1922); Shanahan v. Monarch Engineering Co., 114 N.E. 795 (N.Y. 1916); Gregutis v. Waclark Wire Works, 92 A. 354 (N.J. 1914).  See also, Liberato v. Royer, 126 A. 257 (Pa. 1924), aff'd, 270 U.S. 535 (1926).

[5] Our version of the Act is based upon Indiana's Workers' Compensation Act, therefore, we have recognized that "the construction placed upon the Indiana law by the courts of that state merits our consideration." Barksdale v. H.O. Engen, Inc., 218 Va. 496, 499, 237 S.E.2d 794, 796 (1977).

[6] The decedent did not immediately die as a result of her injuries.  As such, her husband was also awarded "compensation benefits accruing to the decedent between the time of her injury and death." McDonald, 32 N.E.2d at 885.

6

trial court dismissed the action, finding that the Industrial Board of Indiana had exclusive jurisdiction. Id. On appeal, the Supreme Court of Indiana affirmed the decision, explaining:

> This conclusion was predicated upon the theory that operation under the compensation law is optional with respect to both employer and employee; that the relationship arising therefrom is contractual in character; that the employee by acceptance has, in effect, contracted as to whom his dependents shall be, and that those who otherwise would be regarded as dependents under the wrongful death statute may not complain since there is no vested right in an action for wrongful death.

Id. at 886-87 (citing Chamberlain v. Florida Power Corp., 198 So. 486 (Fla. 1940)).

In the present case, it is undisputed that Scott was an employee of McBar and that his death was caused by an accident that occurred in the course of and arose out of his employment with McBar. Clearly, the Act applies and the defense asserted by McBar before the Commission, that Martha was not a dependent, merely rendered the claim non-compensable. As the Act applies, so must the exclusivity provision. Butler, 270 Va. at 466, 620 S.E.2d at 773.

Martha next argues that she is not an employee as defined under Code § 65.2-101 because she is not eligible to receive compensation. As the Act only applies to employees and employers, Martha contends that neither the Act nor the

7

exclusivity provision apply to her action as Scott's personal representative.  Again, we must disagree.

The Act provides a number of definitions for the term "employee."  See Code § 65.2-101.  The definition of employee upon which Martha relies is: "The legal representative, dependents and any other persons to whom compensation may be payable when any person covered as an employee under this title shall be deceased."  Id.  Martha's argument focuses on the fact that she is not Scott's legal representative and, having been deemed a non-dependent, she is neither a dependent nor an "other person[] to whom compensation may be payable."  As such, she asserts that she cannot be considered to be an employee who has accepted the provision of the Act under Code § 65.2-307(A).

However, the definition of employee relied upon by Martha specifically includes the phrase: "when any person covered as an employee under this title shall be deceased."  By including this language, the General Assembly has clearly demonstrated its intent to look first to the status of the deceased employee when determining the applicability of the Act.  Thus, in the context of Code § 65.2-307(A), the "employee" in the present case was Scott.[7]

---

[7] Indeed, when viewed in the context of Code § 65.2-307(A), the personal representative (Martha) and the employee (Scott) clearly must be different individuals.

8

Moreover, Martha's reliance on this definition of employee is irrelevant to the issue in this case. While the Act binds employers and employees, it also defines the categories of persons, in addition to the employee, who are bound by the agreement between employer and employee. Even if Martha is not considered an employee under the Act, the language of Code § 65.2-307(A) is clear and unambiguous that Scott, as an employee of McBar, accepted the rights and remedies of the Act as his exclusive remedy. Martha brought a wrongful death action as Scott's personal representative. The plain language of Code § 65.2-307(A) specifically precludes "all other rights and remedies" available to the personal representative of an employee who has accepted the provisions of the Act. Thus, under the plain language of Code § 65.2-307(A), Martha's wrongful death action is necessarily barred because she brought the action as Scott's personal representative.[8] Accordingly, we

---

[8] We further note that, even if an action by a personal representative was not specifically barred by Code § 65.2-307(A), no action would lie in the present case. "A wrongful death action is a right of action to enforce a cause of action, both created by statute in derogation of the common law." Horn v. Abernathy, 231 Va. 228, 237, 343 S.E.2d 318, 323 (1986) (emphasis omitted). "Statutes in derogation of the common law are to be strictly construed and not to be enlarged in their operation by construction beyond their express terms." Chesapeake & Ohio Ry. Co. v. Kinzer, 206 Va. 175, 181, 142 S.E.2d 514, 518 (1965). Under Code § 8.01-50(A), a wrongful death action is predicated on the ability of the deceased to maintain the action, had death not ensued. There can be no dispute that, had Scott survived, he could not bring the

9

hold that the circuit court did not err in sustaining the pleas in bar as to McBar, Couch and Bertozzi.

With regard to Builder's Supply, however, Martha presents an additional argument: that the circuit court erred in holding that Builder's Supply was not a "stranger" to the "trade, occupation, or business" of the general contractor (i.e. McBar). According to Martha, even if the exclusivity provision applies to McBar, Couch and Bertozzi, it cannot apply to Builder's Supply as Builder's Supply merely delivered the drywall and, therefore, was not actually part of the construction process. We agree.

We have recognized that "[t]he exclusivity provision does not apply . . . to a common law action for an employee's injury or death against an 'other party.' " Stone v. Door-Man Mfg. Co., 260 Va. 406, 412, 537 S.E.2d 305, 307-08 (2000) (citing Code § 65.2-309).

> The remedies afforded the employee under the act are exclusive of all his former remedies within the field of the particular business, but the [A]ct does not extend to accidents caused by strangers to the business.  If the employee is performing the duties of his employer and is injured by a stranger to the business, the compensation prescribed by the act is available to him, but that does not relieve the stranger of his full liability for the loss . . . .

underlying negligence action, as his exclusive remedy would have been under the Act.

10

Feitig v. Chalkley, 185 Va. 96, 102, 38 S.E.2d 73, 75-76 (1946).

Builder's Supply argues that this case is similar to Bosher v. Jamerson, 207 Va. 539, 151 S.E.2d 375 (1966). We disagree. In Bosher, the defendant was hired to deliver sand to a construction site and spread the sand to a specific depth. Id. at 541, 151 S.E.2d at 376. The sand served as the base for a concrete floor. Id. The defendant furnished its delivery person with a "dump truck equipped with chains on its tailgate that could regulate the spreading of sand." Id. We determined that, under those facts, it was clear that the defendant was performing the trade, business or occupation of the construction company, and therefore was not an "other party." Id. at 543, 151 S.E.2d at 377.

The distinguishing factor between Bosher and the present case is that in Bosher the defendant was obligated to do more than just deliver sand; he was obligated to spread the sand in a specific manner using specialized equipment which constituted a step in the construction process. Id. at 542-43, 151 S.E.2d 377-78. In the present case, Builder's Supply was merely obligated to deliver drywall and place it in specific locations which did not constitute a step in the construction process. See Burroughs v. Walmont, Inc., 210 Va. 98, 168 S.E.2d 107 (1969).

11

In Burroughs, the plaintiff was hired to deliver sheetrock and stack it in different rooms at a construction site. Id. at 99, 168 S.E.2d at 108. As he was doing so, he was injured when he fell down an open stairwell. Id. We determined that the plaintiff was an "other party" to the trade, business or occupation of the construction company, explaining:

> The gathering of material is of course essential to the construction of a building. So in a sense each supplier of material is engaged in the general contractor's trade, business or occupation. But a line must be drawn to determine who is an "other party" for the purposes of the Work[ers'] Compensation Act. And persons who function solely as suppliers and deliverers of goods have been held "other parties." Perkinson v. Thomas, 158 Va. 699, 164 S.E. 561 (1932); Garrett v. Tubular Prods., Inc., 176 F. Supp. 101 (E.D. Va. 1959); see Turnage v. Northern Virginia Steel Corp., 336 F.2d 837, 843 (4th Cir. 1964).

Id. at 99-100, 168 S.E.2d at 108.

In the present case, the general manager of Builder's Supply acknowledged that it merely supplied the drywall and placed it in locations specified by either McBar or Bertozzi. As we stated in Burroughs, "the stacking of sheetrock in the several rooms constituted the final act of delivery, not an act of construction." Id. at 100, 168 S.E.2d at 108. Such actions do not transcend delivery and, therefore, Builder's Supply was not engaged in the trade, business or occupation of McBar. Id. Thus, we hold that Builder's Supply was a stranger to the

12

business and the exclusivity provision of the Act does not apply to it. Accordingly, the circuit court erred in sustaining the plea in bar with regard to Builder's Supply.

CONCLUSION

The exclusivity provision of the Act bars Martha's wrongful death action against McBar, Couch and Bertozzi because Scott's death was caused by an accident that occurred in the course of and arose out of his employment with McBar. The bar does not apply to Builder's Supply, however, as mere delivery of drywall is not within the trade, business or occupation of McBar. Therefore, Martha can maintain her wrongful death action against Builder's Supply. Accordingly, we will affirm the decision of the circuit court sustaining the pleas in bar filed by McBar, Couch and Bertozzi, reverse its decision sustaining the plea in bar filed by Builder's Supply, and remand the matter for further proceedings in accordance with this opinion.

Affirmed in part,
reversed in part,
and remanded.