413 So.2d 811 (1982)
JAMAR SPORTSWEAR, INC. and Hartford Insurance Group, Appellants,
v.
Martin MILLER, Appellee.
No. AD-437.
District Court of Appeal of Florida, First District.
May 5, 1982.
*812 Israel Abrams of Abrams & Suskin, North Miami Beach, for appellants.
Mark L. Zientz of Williams & Zientz, Coral Gables, for appellee.
PER CURIAM.
The employer/carrier raises three points on appeal. We affirm on the first point and reverse as to the second two.
Claimant's evidence showed that he went to work alone on Saturday, June 23, 1979, to cut some sample patterns. As he pulled a heavy bolt of material out from the bin, he felt a twinge in his chest which became increasingly severe. He testified that he was unaccustomed to lifting such heavy rolls of material, as he normally delegated such heavy labor to others. The pain subsided briefly and then returned even more severely while he was cutting the material. He stopped work immediately and drove to his nearby residence where someone was available to drive him to the hospital. His attending physician diagnosed an acute myocardial infarction. On August 31, 1979, while relaxing in the Florida Keys, claimant suffered another heart attack. His treating physician on that occasion determined that the second attack was an extension of the first. His physician testified that claimant suffered 50% physical impairment as a result of the two attacks.
The carrier argues that the original attack is not compensable. We disagree. Claimant established by competent substantial evidence all of the elements essential to a compensable heart attack. Claimant testified that he was engaged in an identifiable strain to which he was unaccustomed, *813 and his attending physician's testimony was that his heart attack was causally related to the physical strain. Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla. 1962).
The second point raised by the carrier is whether the deputy commissioner erred in awarding compensation for a 50% permanent partial disability which was not based on the American Medical Association's Guides to the Evaluation of Permanent Impairment as required by section 440.15(3)(a)(3), Florida Statutes (1979). We agree that the deputy's ruling on this point was error. The order shows that the award was based on physical impairment alone, not loss of wage earning capacity. Section 440.15(3)(a)(3) requires that the Guides be used to determine the percentage of physical impairment. Once a diagnosis is made, the applicable table must be used, and it may not be combined with any other table or subjective factor to produce a rating in excess of that permitted. Decor Painting v. Rohn, 401 So.2d 899 (Fla. 1st DCA 1981).
The carrier's third point concerns the deputy's excusal of the noncompliance of the physicians and hospitals involved with the reporting requirements of section 440.13, Florida Statutes (1979). We also reverse on this point. The statute requires that doctors and hospitals submit a report of injury and treatment to the carrier within ten days of first treating a workers' compensation patient. The deputy excused the reporting requirements because of his determination that the carrier had set up a "wall of ignorance." The deputy's excusal is for the wrong reason, because the wall of ignorance principle is inapplicable to the reporting requirements of section 440.13. The deputy has failed to make the requisite finding of good cause to support the excusal.
AFFIRMED in part, REVERSED in part, and REMANDED to the deputy commissioner for the purpose of having claimant's doctor relate his disability rating to the AMA Guides, and for the deputy's determination of whether there is good cause to excuse the reporting requirements.
MILLS, LARRY G. SMITH and SHAW, JJ., concur.