417 So.2d 740 (1982)
James W. MATHIS, Appellant,
v.
KELLY CONSTRUCTION COMPANY and Employers Insurance of Wausau, Appellees.
No. AG-100.
District Court of Appeal of Florida, First District.
July 16, 1982.
Rehearing Denied August 20, 1982.
Barry M. Salzman, St. Petersburg, for appellant.
Kathleen R. Hudson, St. Petersburg, for appellees.
PER CURIAM.
In this workers' compensation appeal the claimant argues that Section 440.15(3)(a)3, Florida Statutes (1979), as implemented by Section 440.15(3)(b)1, denies substantive due process of law because it restricts the evaluation of permanent physical impairment to the American Medical Association's Guides to the Evaluation of Permanent Impairment. We disagree.
The relevant facts are essentially undisputed. Dr. Sullivan, the claimant's treating orthopedic physician, testified that according to the AMA Guides, no impairment rating was assignable to claimant's knee injury because the only criterion used by those Guides in the evaluation of impairment to the knee joint was loss of range of motion and claimant had no such problem. Based on his own experience as an orthopedic surgeon and upon an alternative guideline, Dr. Sullivan opined that the claimant had a thirty percent (30%) permanent partial impairment rating as a result of his knee injury. Since this particular injury (a knee joint injury) is covered by the Guides, Sections 440.15(3)(a)3 and 440.15(3)(b)1, Florida Statutes (1979), are constitutional as applied. Rhaney v. Dobb's House, Inc., 415 So.2d 1277 (Fla. 1st DCA, 1982), modified on rehearing, (June 16, 1982). See also, Carr v. Central Florida Aluminum Products, Inc., 402 So.2d 565 (Fla. 1st DCA 1981).
AFFIRMED.
McCORD, MILLS and SHIVERS, JJ., concur.