PER CURIAM.
In this workers’ compensation action Appellants, employer/carrier, contend that the Deputy Commissioner (the Deputy) erred in awarding wage-loss benefits based on a permanent impairment rating not determined according to the American Medical Association Guides (the Guides) as required by Section 440.15(3)(a)(3), Florida Statutes (1979). We agree and reverse with instructions.
The Claimant suffered a compensable lower back injury on May 7, 1981. It was found that he reached MMI on July 31,1982 and Dr. Bourguignon testified that Claimant had a permanent impairment of 2%. Testimony further indicated that Dr. Bour-guignon based his assessment of impairment on Claimant’s subjective complaints of pain and not on the applicable tables for limitation of range of motion as set out in the Guides. That procedure was insufficient.
Because the Division has yet to adopt a permanent schedule by which impairment may be assessed, the Guides must be applied when the injury in question is covered by the Guides. Decor Painting & Iowa Mutual Insurance Company v. Rohn, 401 So.2d 899 (Fla. 1st DCA 1981); Mathis v. Kelly Construction Company, 417 So.2d 740 (Fla. 1st DCA 1982). Although subjective pain is a factor to be considered when assessing impairment from neurological injuries according to the Guides, see Spring Air Mattress Co. v. Cox, 413 So.2d 1265 (Fla. 1st DCA 1982), it is not *464 a factor to be applied in assessing a permanent impairment resulting from a lower back injury which is covered by Chapter 1 of the Guides. Where specific tables for assessing impairment are set out in the Guides, “the applicable table must be used, and it may not be combined with any other table or subjective factor to produce a rating in excess of that permitted.” Jamar Sportswear, Inc. v. Miller, 413 So.2d 811, 813 (Fla. 1st DCA 1982).
Because the Guides were not properly applied in this case, we reverse the Deputy’s Order and remand for the purpose of having claimant’s doctor relate his disability rating to the Guides. Cf. Jamar at 813. We do not address the other points raised by Appellants on this appeal since the threshold question of permanent impairment was improperly answered.
REVERSED and REMANDED for further consistent proceedings.
ERVIN, LARRY G. SMITH and SHIVERS, JJ., concur.