SHIVERS, Judge.
The employer/carrier (E/C) appeal the order awarding claimant temporary total disability (TTD) and wage loss benefits. We reverse.
Claimant suffered a compensable injury on August 13, 1979. On January 31, 1980, claimant’s treating physician, Dr. Kanell, opined that claimant had reached MMI and discharged him without any limitations on his physical activities. During May of 1980, claimant fell while carrying his son on his shoulder and reaggravated his back condition. At that time, claimant returned to his treating physician for further treatment and also sought treatment from two other physicians, Dr. May and Dr. Wallquist. Thereafter, claimant’s treating physician opined that, based on claimant’s subjective complaints, claimant had sustained a 3-5% permanent disability as a result of his com-pensable injury. Claimant then filed a claim seeking TTD and wage loss benefits. The deputy commissioner (DC) awarded claimant TTD benefits from February 1, 1980 through June 30, 1980, less one month that claimant had worked during that period. The DC also awarded claimant TTD benefits for the period between March 12, 1981, and April 13, 1981. In addition, the DC awarded claimant wage loss benefits from June 30,1980, through the date of the order. Since the date of claimant’s compen-sable injury, claimant has held two jobs. With the exception of a one month period between March and April of 1981, claimant has worked as a custodian since November 7, 1980. Prior to his job as a custodian, claimant’s only other period of employment since the date of his compensable injury, was a one month period during which time he was employed as a gas attendant.
On appeal, the E/C raises several issues, but we find it necessary to address only two. Specifically, we address the E/C’s contentions that the awards of TTD and wage loss benefits should be reversed because they are not supported by competent and substantial evidence in the record.
Turning first to the awards of TTD benefits, we find that the awards must be reversed for lack of competent, substantial evidence in the record to support them. Claimant’s initial treating physician released him to return to work without any limitations on January 31,1980. Over three months later, after claimant had fallen and reinjured his back, he returned to his treating physician for further treatment. Despite the fact that claimant failed to elicit any testimony from the treating physician as to whether he was TTD at that time, claimant contends that we should affirm the award of TTD benefits from February 1, 1980 through June 30, 1980, based on the testimony from Dr. May, who did not even examine claimant until June 30, 1980. We disagree.
Even assuming that Dr. May was competent to render an opinion concerning the question of whether claimant was TTD prior to June 30, 1980, his testimony, as reflected in the record, would be insufficient to support a finding of TTD from February 1, 1980, to June 30, 1980. Although Dr. May responded affirmatively to claimant’s question concerning whether claimant was TTD from the date of the accident through August 15, 1980, the date Dr. May discharged claimant, Dr. May immediately qualified, if not completely contradicted, this statement by stating that:
I examined this gentleman 6/30/80 for an injury he had sustained 8/13/79; okay? I do not have or cannot have any opinion from 1979, from August of 1979 until June of 1980. Assuming that his condition at the time was comparable to the condition he had when I examined him 6/30/80,1 do not feel that he was able to return to work.
Even construing this testimony in the light most favorable to claimant, we believe that it could support a finding of TTD during the period in question only if claimant’s condition during that period was in fact the same as it was on June 30, 1980. The evidence, however, indicates that claimant’s condition on June 30, 1980, was not the same as it was during the preceding five months. This finding is based on the fact that claimant’s initial treating physician re *340 leased him without any limitation to return to work on January 31, 1980, as well as the fact that claimant sustained a second injury to his back during the period between February and June of 1980. On this basis, we believe that Dr. May’s testimony on the question of TTD lacks the proper factual foundation to support an award of TTD benefits from February 1, 1980, through June 30, 1980. We, therefore, reverse the award. See Gold Coast Paving Co., Inc. v. Fonseca, 411 So.2d 259 (Fla. 1st DCA 1982).
We must also reverse the award of TTD benefits for the period between March 12, 1981, and April 13, 1981, for similar reasons. Although Dr. Wallquist opined that claimant was TTD during this period, this opinion lacks the proper factual foundation to support a finding of TTD during that period. Dr. Wallquist was unaware of claimant’s second injury and, therefore, his opinion was based on an incomplete history of claimant’s condition. Moreover, Dr. Wallquist’s testimony is insufficient to support a finding of TTD because he failed to express an opinion as to whether claimant’s disability during this period was causally related to claimant’s industrial accident. For these reasons, we reverse the award of TTD benefits from March 12, 1981, to April 13, 1981.
We now address the award of wage loss benefits. Wage loss benefits are not awardable unless the injured employee has suffered a permanent impairment which is “scientifically demonstrable” to the deputy by his own observations or which is based on the AMA Guides. Rhaney v. Dobbs House, Inc., 415 So.2d 1277 (Fla. 1st DCA 1982); Mathis v. Kelly Construction Co., 417 So.2d 740 (Fla. 1st DCA 1982); and section 440.15(3)(a)3, Fla.Stat. (1979). Claimant contends that the testimony of his initial treating physician supports a finding of permanent impairment and, thus, an award of wage loss benefits. We cannot agree.
Although two physicians, including claimant’s initial treating physician, testified that claimant had sustained a permanent impairment, none of this testimony was based on the AMA Guides or objective observations. Claimant’s first treating physician testified that claimant did not suffer any permanent physical impairment based on “scientifically or medically demonstrable findings,” and that his opinion as to claimant’s permanent physical impairment was based on claimant’s subjective complaints. Dr. May also testified that claimant had not sustained any permanent impairment which was scientifically demonstrable. Based on the absence of any competent medical testimony to indicate that claimant had sustained a permanent impairment based on the AMA Guides or other scientifically demonstrable findings, we must reverse the award of wage loss benefits.
REVERSED.
THOMPSON, J., concurs.
ROBERT P. SMITH, Jr., C.J., dissents with opinion.