WOLF, Judge.
Keener Construction Company and Cincinnati Insurance Company, the employer and carrier (E/C), appeal from an order of the judge of compensation claims (JCC) which awarded death benefits to the spouse of Johnnie L. Simpson (employee). The E/C raises two issues: (1) Whether the JCC erred in finding a causal relationship between the employee’s death from lung cancer and a compensable occupational disease, and (2) whether the JCC erred in applying section 440.26, Florida Statutes (1989), in a case involving occupational disease. We find merit in both points on appeal and reverse the decision of the JCC.
On January 26, 1990, the JCC entered an order which, in pertinent part, provided:
5. The Employee, Johnnie Lee Simpson was employed by Keener Construction Company on December 14, 1983 as a laborer involved in various facets of the construction industry.
6. That the testimony of Jack D. Keener, owner of Keener Construction by deposition dated October 1, 1988 establishes that the employee was involved in construction that used materials that were composed of asbestos fibers.
7. That the deceased employee expired on April 2, 1988 as a result of (a) a poorly differentiated squamous cell carcinoma of the lung, (b) bilateral bron-chopneumonia, (c) cardimegaly [sic] with left ventricular hypertrophy and right ventricular dilatation as a direct result of asbestos exposure as documented by the autopsy protocol dated April 3, 1988.
8. Workers’ Compensation Law F.S. 440.151 establishes that compensability of diseases that are incurred as a risk of and in the course of employment, treating a resulting disablement or death as “the happening of an injury by accident.”
9. That the testimony of medical experts in this matter is quite exhaustive including that of Drs’: Stuart Brooks; John W. Foreman; Neal Newburg; Inga Himelright.
10. I have accepted the presumed facts in section 440.26 F.S. and have weighed those presumed facts against any opposing eidence [sic] in reaching my conclusion that presumptions are applicable *1139 herein. Thereby reaching the conclusion that the deceased had prolonged exposure during his employment of which the cumulative effect was his metastie [sic] lung carcinoma which is directly attributable to his duties and subjected him to a hazard greater than that of the general public.
The record reveals, however, that the conclusions concerning the employee’s exposure to asbestos and cause of death are not supported by competent substantial evidence. In addition, the decision to apply the statutory presumption in the instant case is in direct conflict with section 440.-151(l)(e), Florida Statutes (1989).
In Wood v. Harry Harmon Insulation, 511 So.2d 690 (Fla. 1st DCA 1987), this court stated that a claimant must prove four things in order to recover under an occupational disease theory. The first two items were: (1) That the disease must be actually caused by the employment conditions that are characteristic and peculiar to a particular occupation, and (2) the disease must be actually contracted during employment in the particular occupation.
Only one finding by the JCC addresses the conditions of the employment or the employee’s specific exposure to asbestos. The JCC found that the testimony of Jack D. Keener established the employee’s involvement with asbestos. The record reveals exactly the opposite.
Mr. Keener stated that very little .asbestos has been used in the construction industry since 1983 (the time that Mr. Simpson was employed by Keener). According to Mr. Keener’s testimony, Mr. Simpson was never direcfly exposed to asbestos. While Mr. Simpson was working for Keener, the company had only one job that utilized asbestos materials. That job was in Plant City and involved the use of roof panels which contained asbestos. Mr. Keener testified, however, that Keener’s employees were not involved in the roof work, and this portion of the job was handled by a subcontractor.[1] Mr. Keener also testified that Simpson may have worked on a job at a phosphate mine where asbestos materials may have been located. The construction job, however, involved erection of a metal building which did not contain asbestos. The building was not located in the vicinity of the metal tanks which may have contained asbestos material. He further stated that none of the employees of Keener Construction Company were ever involved in materials containing asbestos. This testimony clearly did not support the finding of the JCC regarding asbestos exposure.[2]
A review of the autopsy report indicates that the report did not establish that the cause of death was related to asbestos exposure. In addition, the overwhelming medical evidence indicated (1) that there were no objective signs of asbestos exposure (no asbestos fibers found in the lungs); (2) that the type of cancer which caused claimant’s death (metastatic carcinoma of the lung with undifferentiated squamous cell carcinoma) was not normally associated with asbestos exposure; (3) that the period of exposure was too closely related in time to the onset of the disease to allow for the development of the cancer.[3] None of the treating doctors indicated that *1140 the cancer was related to asbestos exposure. The only testimony in support of the connection between exposure and the disease came from a doctor who only reviewed medical records (Dr. Newburg) and never examined the claimant. The doctor gave a somewhat equivocal opinion concerning this relationship.[4]
In light of the lack of evidence related to exposure and the opinion of at least three doctors that the disease was not caused by asbestos exposure, it is not apparent from the record why the JCC accepted the opinion of Dr. Newburg. The order is, therefore, deficient in failing to articulate why the overwhelming medical evidence was not accepted. Curry v. Miami Dolphins, 522 So.2d 1010 (Fla. 1st DCA 1988).[5]
Finally, section 440.151(l)(e), Florida Statutes (1989), states:
The presumptions in favor of claimants established by s. 440.26 of the Workers Compensation Law shall not apply to a claim for an occupational disease under this section.
Without any apparent legal authority or without citing any reason, the JCC applied the statutory presumption to the instant case in spite of the cited language. The application of this presumption contained in section 440.26 in this case was error.
We reverse and direct the JCC to enter an order finding that the disease in the instant case was not compensable.
ALLEN, J., concurs.
ERVIN, J., dissenting with opinion.

. Employer records indicated that Simpson never worked on the Plant City job and was, in fact, working on a job at Pleasure Island at Disney World at that time.

. The only other evidence of exposure came from claimant’s wife who said that in March of 1987, claimant came home covered with asbestos dust. It was not clear how she knew it was asbestos. Employment records indicate that claimant was working on a concrete job at Disney World where no asbestos was present. There was also a notation on a medical form that had been filed with Dr. Foreman that the claimant had worked in phosphate mines or had asbestos exposure. No evidence was presented to indicate when such exposure had taken place or which portion of the question was responded to.

.The doctrine of last injurious exposure as set forth in § 440.151(5), F.S. (1989), is inapplicable in the instant case as there is a lack of competent evidence to support any injurious exposure in either decedent’s last employment with Keener Construction Company or any prior employment. A careful reading of the statute indicates that the doctrine is only brought into play where there is evidence of several injurious exposures which may have contributed to the occupational disease.

. This opinion is somewhat equivocal in that the doctor did not know the extent of the asbestos exposure, and he testified that exposure is one of the important variables in determining whether the suspected cancer is related to asbestos. At one point he stated, "I think the only thing I can say is that he died as a result of lung cancer which may have been related to asbestos exposure. But the information that I have in the records ... did not give me any information as to the amount of asbestos exposure he had.”

. If the lack of support for accepting Dr. New-burg’s opinion was the only reason for reversal, we would remand for further findings; but in light of the entire record in the instant case, reversal with directions is more appropriate.