596 So.2d 1278 (1992)
GAINESVILLE COCA-COLA and General Accident Bureau, Appellants,
v.
Edward E. YOUNG, Appellee.
No. 91-1279.
District Court of Appeal of Florida, First District.
April 24, 1992.
Valerie A. Marshall, of Jeffery, Thomas & Marshall, Maitland, for appellants.
Gary L. Fernandes, Sr., Gainesville, for appellee.
SHIVERS, Judge.
The employer/carrier (e/c) appeal from an Amended Order awarding wage-loss benefits to claimant for the period June 1, 1989 through February 25, 1990, and ordering the e/c to reimburse claimant for expenditures not to exceed $3,000 representing monies to be repaid for his attendance at the Roffler Hair Design College. We reverse the Amended Order and remand for additional findings concerning the wage-loss award, see Curry v. Miami Dolphins, Ltd., 522 So.2d 1010 (Fla. 1st DCA 1988), and for a showing of specific documentation to support the reimbursement provision.
On March 27, 1987, while a route salesman for Coca-Cola Bottling Company of Gainesville, claimant was injured when the door of a freight elevator closed on his hand. About 2 1/2 weeks after the injury, Dr. Brill released claimant to light-duty work. Claimant's complaints of pain in the right upper extremity persisted and he came under the care of Drs. Ramadan and Aird. Aird released claimant to light-duty work subject to certain restrictions that involved wearing a wrist splint, and avoiding repetitive flexing and extension movements of the right wrist and heavy lifting with the right hand. Aird and Ramadan reported that claimant reached maximum medical improvement (MMI) with a 0% impairment rating as of July 31, 1988. Aird *1279 did not mention any permanent restrictions when he wrote the attorney for the e/c on July 26, 1988.
Due to claimant's ongoing complaints of pain, he was sent to Dr. Borrerro for evaluation in August 1988. Borrerro determined that claimant continued to have an extreme and "unexplained pain in the entire right upper extremity." Having found no evidence of serious illness or disease in the affected area, the doctor opined that claimant's main problem with pain was "entirely subjective" and involved the tolerance and acceptance of pain. Dr. Borrerro assigned a 1% impairment rating to the body as a whole pursuant to the AMA Guides. Cf. Morrison & Knudsen/American Bridge Div. and CNA v. Scott, 423 So.2d 463 (Fla. 1st DCA 1982) (error to award wage-loss benefits based on permanent impairment rating not determined in accordance with AMA Guides pursuant to section 440.15(3)(a), F.S.) The evidence supporting the 1% impairment rating was not based solely on claimant's verbal complaints. Test results demonstrated a disparity in grip strength between claimant's left hand (110) and the injured right hand (85).
Section 440.15(3)(b), Florida Statutes (1986 Supp.), governs wage-loss benefits for an "injured worker who suffers any permanent impairment." See Davis v. Broward County Health Dep't, 570 So.2d 371 (Fla. 1st DCA 1990) (permanent impairment rating, not the existence of physicianimposed restrictions, is prerequisite to wage-loss claim). In determining credibility and resolving evidentiary conflicts, the judge of compensation claims (JCC) may accept the testimony of one physician over that of several others. Curry, 522 So.2d at 1011; Jefferson Stores, Inc. v. Rosenfeld, 386 So.2d 865 (Fla. 1st DCA 1980). Generally, no explanation need be given when some medical testimony is accepted and other testimony rejected. Buro v. Dino's Southland Meats, 354 So.2d 874 (Fla. 1978). The Amended Order is deficient, however, in that the JCC's reason for accepting Borrerro's 1% impairment rating, in the face of other medical testimony of a 0% rating, is not apparent from the record. Keener Constr. Co. v. Simpson, 578 So.2d 1137 (Fla. 1st DCA 1991); Curry, 522 So.2d at 1011-12; Allied Parcel Delivery v. Dixon, 466 So.2d 439 (Fla. 1st DCA 1985).
As to the reimbursement requirement, we find there is insufficient documentation of a specific amount spent by claimant. The Amended Order is reversed, and the cause remanded, for the JCC to state reasons for accepting the 1% impairment rating in accordance with the requirements of Curry and to base any reimbursement award on specific reliable documentation showing the amounts spent by claimant for retraining.
REVERSED and REMANDED.
WOLF and WEBSTER, JJ., concur.