632 So.2d 83 (1993)
GAINESVILLE COCA-COLA and General Adjustment Bureau, Appellants,
v.
Edward E. YOUNG, Appellee.
No. 92-2646.
District Court of Appeal of Florida, First District.
December 10, 1993.
Opinion Denying Rehearing and Rehearing February 16, 1994.
Valerie A. Marshall, Jeffery & Marshall, P.A., Maitland, for appellants.
Gary L. Fernandes, Sr., Davis & Fernandes, Sr., Gainesville, for appellee.
Opinion Denying Rehearing and Rehearing En Banc February 16, 1994.
PER CURIAM.
The employer/carrier appeal from a workers' compensation order awarding wage loss benefits and reimbursement of retraining expenses with interest. They contend that the Judge of Compensation Claims (JCC) abused his discretion in accepting the 1% impairment rating of the physician who performed the independent medical evaluation (IME) over the 0% impairment rating of the treating physicians. We agree and reverse the order.
This court has previously reversed this case and remanded it for the JCC to state its reasons for selecting the IME doctor over the treating physicians because the reasons were not apparent from the record. Gainesville Coca-Cola v. Young, 596 So.2d 1278 (Fla. 1st DCA 1992). None of the reasons stated by the JCC on remand was supported by competent substantial evidence. See Curry v. Miami Dolphins, Ltd., 522 So.2d 1010 (Fla. 1st DCA 1988) (JCC's discretion is not unbridled; JCC must give adequate reasons for accepting the testimony of one physician over another where the reason is not apparent from the record or it appears that the JCC has overlooked or ignored evidence). In the absence of competent substantial *84 evidence supporting the JCC's acceptance of the IME doctor's impairment rating over that of claimant's treating physicians and the absence of any evidence of permanent impairment, we must REVERSE the JCC's order.
BOOTH, MINER and KAHN, JJ., concur.

ON MOTION FOR REHEARING AND CLARIFICATION AND MOTION FOR 
REHEARING EN BANC
PER CURIAM.
In response to this court's two paragraph Per Curiam decision, appellee has filed a Motion for Rehearing and Clarification and a Motion for Rehearing En Banc. The Motion for Rehearing and Clarification consists of eight pages which restate the case law and facts contained in appellee's brief. We deny this motion as improper reargument.
Of somewhat more concern to this court, appellee has also filed a Motion for Rehearing En Banc. Except for the title, concluding paragraph, and citation to Rule 9.331, Florida Rules of Appellate Procedure, the Motion for Rehearing En Banc tracks word for word appellee's Motion for Rehearing and Clarification. Although the sole issue upon which this court reversed was whether the record contained competent substantial evidence to support the order entered by the JCC, counsel concludes the Motion for Rehearing En Banc by expressing his belief "based on a reasoned and studied professional judgment, that the panel decision in this case is of exceptional importance." Obviously this statement is to satisfy the requirements of Rule 9.331(c)(2). Nothing in the motion, however, even remotely suggests that any issue passed upon in this court's opinion is of exceptional importance. More to the point, appellee does not and cannot suggest that the court's decision has any impact upon the workers' compensation jurisprudence of this state. This motion is totally without merit and we deny it.
We hope that publication of this opinion would deter the type of motion practice appellee has engaged in. There are, however, other remedies available to the court. See Lawyers Title Insurance Corp. v. Reitzes, 631 So.2d 1101, (Fla. 4th DCA 1994).
BOOTH, MINER and KAHN, JJ., concur.