HOBSON, Justice.
Appellee, McLean, a professional plasterer in or near his seventieth year, developed dermatitis on his arms while employed at the trade by appellant Mundy. On or about August 27, 1951, McLean consulted Dr. Carroll, who discharged him after a week of treatment and advised him to resume work, the dermatitis having improved but not having disappeared. For a week or two McLean worked with cement for the Gables Plastering Company without significant change in his condition, his employment with this organization ending on September 26, 1951. From October 4 through October 10, 1951, McLean worked for the Miami Plastering Company in “brown mortar” and cement; and during this period his skin condition became aggravated to such an extent that on October 16, 1951, he again consulted Dr. Carroll who, after a brief period of treatment which failed to arrest the condition, referred McLean to Dr. Garrard, a skin specialist. Dr. Garrard’s treatment was continued until April 29, 1952, at which time the patient was discharged as not being in need of further medical care but cautioned that return to his trade as a plasterer might prove fatal. Appellee was paid compensation and furnished medical care to April 29, 1952 by appellant Mundy through appellant Public National Insurance Company, the insurance carrier. Subsequently appellee filed a claim for additional benefits, and these proceedings followed.
The above presents in substance facts found by the Deputy Commissioner, who awarded compensation for a temporary partial disability, beginning on April 30, 1952 and continuing for the duration of the employee’s entitlement under the Workmen’s Compensation Act. Further findings which are relevant here are as follows:
“The above named employee, Dugald McLean, is temporarily partially disabled because [of] the sensitizing effects of an occupational disease, to-wit: a contact dermatitis from lime and cement which went on to a generalized exfoliating dermatitis, which caused the skin to peel from his entire body and serum to ooze. Another attack could be fatal.
“In conclusion, it should be pointed out that the sensitivity to lime and cement, which keeps the employee, Dugald McLean, from returning to his employment as a plasterer, originated while the employee was in the employment of Thomas J. Mundy, plastering contractor, just prior to October* 27, 1951. The employee returned to work before he was completely controlled, upon the advice of Dr. Bruce Carroll, but, by hindsight being better than foresight, we now know that the employee should never have been exposed to the materials of his occupation after the first attack beginning on or about August 27, 1951.
******
“The dermatitis and sensitivity developed with the primary contact while this employee was working for the above named employer. He is entitled to temporary partial disability payments as this disability arose out of and in the course of his employment through this occupational disease, and where its effects denied him any employment in the field of his lifetime work * *
*277 On appeal, the Deputy Commissioner’s disposition of the case was affirmed by the full commission on authority of U. S. Cas. Co. v. Maryland Cas. Co., Fla., 55 So.2d 741 and Town of Crescent City v. Green, Fla., 59 So.2d 1, and affirmance by the Circuit Court followed.
Appellants contend that it was error to hold them liable when it was demonstrated that the last injurious exposure to the disease for which recovery was granted was suffered by the employee while working for a subsequent employer. Appellee contends that the only question presented is whether or not there is competent substantial evidence to support the findings of the Deputy Commissioner. The Commission, in affirming the award of the Deputy, apparently agreed with appellee as to the nature of the question presented. As we view the case, there is no dispute as to the findings of fact or the underlying testimony and no occasion for the consideration or application of the “competent substantial evidence rule”. Only a question of law is presented.
We are here dealing with an occupational disease, as the Deputy found, and the case is therefore governed by a specific section of the Workmen’s Compensation Law, namely F.S.A. § 440.151, insofar as the same is applicable to the facts of this case. Subsection (5) of this section reads in part as follows:
"(5) Where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease, and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier; and the notice of injury and claim for compensation, as hereinafter required, shall be given and made to such employer; * *
It will be noted that it is the last injurious exposure upon which this provision hinges, and not the initial development or occurrence of the disease. It is clear on this record that appellee was not "last injuriously exposed to the hazards of” dermatitis while in the employ of appellant Mundy, but, on the contrary, that he suffered injurious exposure while working at his trade for a subsequent employer.
Although the temptation to affirm this judgment to obtain compensation for the claimant is strong indeed, we are foreclosed from taking this course by the plain terms of the statute. The case of Brewer v. Pan American Airways, 156 Fla. 812, 24 So.2d 521, is inapplicable because it did not concern an occupational disease, and the statutory section which controls this case was therefore not under consideration. Ernest Waters Const. Co. v. Mills, Fla., 51 So.2d 180, is wholly consistent in result with the conclusion we have reached in the matter now before us.
Reversed, without prejudice to the right of appellee to pursue his remedies against the proper employer. In so holding we express no opinion concerning the effect of the lapse of time upon appellee’s claim, since the question is not before us.
The petition for attorney fees for services in this court by appellee’s counsel is denied.
ROBERTS, C. J., and THOMAS and DREW, JJ., concur.

 Should be August Apparently an error in transcription.