131 So.2d 465 (1961)
Albert G. CONNER, Petitioner,
v.
RINER PLASTERING COMPANY, John W. Thomson & Son, Inc., Clifford Plastering Company, Conger Plastering Company, Bilyard Plastering Company, Tucker Plastering Company, Gen. Guaranty Insurance Co., American Casualty Company, Phoenix Insurance Company, Public Service Mutual Ins. Co., U.S. Fidelity & Guaranty Co., Liberty Mutual Insurance Co., Continental Cas. Insurance Co., and Florida Industrial Commission, Respondents.
No. 30969.
Supreme Court of Florida.
June 21, 1961.
Allen Clements, Miami, for petitioner.
Ross, Reinhardt & Preddy, Miami, for Riner Plastering Company and General Guaranty Ins. Co.
Welsh, Cornell, Pyszka & Carlton, Miami, for Bilyard Plastering Co. and John W. Thomson & Son, Inc.
Reece & Murray, Miami, for Clifford Plastering Co. and Phoenix Ins. Co.
Edwin H. Underwood, Jr. and Andrew L. Richard, Jr., of Wakefield & Underwood, Miami, for Bilyard Plastering Corp. and Liberty Mut. Ins. Co.
*466 McDonald & McDonald, Miami, for Tucker Plastering Co. and Continental Cas. Ins. Co.
Paul E. Speh and Burnis T. Coleman, Tallahassee, for Florida Industrial Commission, respondents.
HOBSON, Justice.
Petitioner filed a claim for Workmen's Compensation benefits against six of his former employers.
It appeared from the evidence adduced at the hearing on the claim that petitioner, a 65 year old male with a third grade education, had, prior to January 30, 1959, been a plasterer for some 35 years. Sometime in 1955 he developed for the first time a contact dermatitis on his hands and arms, the result of his years of exposure to certain plastering materials. At about the time this occupational disease first manifested itself, petitioner was employed primarily by respondent Clifford Plastering Company, although he was also working intermittently for other employers.
In spite of his dermatitis from which he suffered more or less constantly, the petitioner continued to work for the other respondent employers until January 30, 1959. The petitioner testified that on week-ends while he was not exposed to the harmful ingredients of plaster his condition would sufficiently improve to enable him to resume work without loss of time. However, by the second or third day of exposure during each ensuing work week the disease would break out again on his hands and arms, causing cracking and itching of the skin. Throughout this period of time the claimant used various home remedies on his skin which enabled him to continue working until the end of January, 1959, at which time he was no longer able to heal his hands.
His last employment as a plasterer was with respondent Riner Plastering Company, from January 20, 1959 to January 30, 1959. This employment terminated when petitioner was laid off because of a lack of any further work for him to do. Petitioner continued to be bothered by his skin ailment and subsequently consulted a doctor who advised him to discontinue his trade as plasterer because of his dermatitis.
The deputy commissioner found that the petitioner was temporarily totally disabled from January 30, 1959, to December 30, 1959, and awarded compensation accordingly, omitting payments for a period of time during which claimant was receiving unemployment compensation. This award was entered against respondent Riner Plastering Company and was based on the ground that the claimant was, "immediately prior to his period of temporary total disability, last injuriously exposed while in the employment of Riner".
As to the claim for permanent partial disability the deputy found that the occupational disease of petitioner reached its stage of permanency while he was in the employ of Clifford Plastering Company. The deputy stated that the petitioner was permanently disabled and that except for the provisions of Section 440.151(3), liability for petitioner's permanent disability would attach to Clifford. Section 440.151(3) defines disablement as "the event of an employee's becoming actually incapacitated, partially or totally, because of an occupational disease, from performing his work in the last occupation in which injuriously exposed to the hazards of such disease * * *." The deputy held that since the petitioner had continued working without loss of time after his employment with Clifford he was not disabled within the meaning of this section. Riner Plastering Company was held not liable for permanent disability because the occupational disease had become permanent several years prior to petitioner's employment with Riner. For these reasons the deputy denied any recovery for permanent partial disability.
On petitioner's application for review the full commission affirmed the award of the *467 deputy in a brief order in which it was indicated that the deputy was correct in denying compensation for permanent disability, "but not necessarily for the reasons stated in his order."
While we accept the deputy's findings of fact as based on competent, substantial evidence in accord with logic and reason, we nevertheless disagree with the interpretation which he placed upon Section 440.151(5) F.S.A. This section provides:
"Where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease, and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier; and the notice of injury and claim for compensation, as hereinafter required, shall be given and made to such employer; provided, however, that in case of disability from any dust disease the only employer and insurance carrier liable shall be the last employer in whose employment the employee was last injuriously exposed to the hazards of the disease for a period of at least sixty days."
The obvious intent of this section was to fix liability on employers in such a way as to render it unnecessary in cases of occupational diseases to make the nearly impossible determination as to which employment or employments contributed in what measure to the disease. This purpose is effected by attaching liability to the employer in whose employment the claimant was last injuriously exposed to the hazards of the occupational disease. By venturing beyond the employment of last injurious exposure and by undertaking to fix the point at which petitioner's occupational disease became a permanent ailment, the deputy has attempted to do the very thing which the statute was designed to obviate.
Moreover, the deputy turned his decision on the time when the disease became permanent. In our opinion the controlling factor should be the time when the disability became permanent. After all, it is the disability, and not the disease itself which determines whether the claim is compensable. In the instant case, petitioner was not disabled from working until after the termination of his employment with Riner, following which he was advised for medical reasons to abandon the plastering trade.
There is nothing contained in the statute under consideration to indicate that any distinction was intended between permanent and temporary disability in applying the last injurious exposure rule. Indeed, when the statute is considered in context with its patent purpose, it becomes clear that no such distinction was contemplated. An award of compensation for temporary disability was correctly entered against Riner Plastering Company and its carrier on the basis of the last injurious exposure rule. This rule should have been applied in the same manner as to petitioner's claim for permanent partial disability, and an award therefor entered against Riner and its carrier. As stated in Mundy v. McLean, Fla., 72 So.2d 275, 277:
"* * * It is the last injurious exposure upon which this provision hinges, and not the initial development or occurrence of the disease."
In spite of the full commission's cryptic affirmance of the deputy's order in which it was hinted that there were other valid, albeit undisclosed, reasons why the deputy's order was correct, we are unable to conceive, on the basis of the record before us, any support in law or in fact, for the denial of petitioner's claim for permanent partial disability. The deputy misapplied a rule of law, which constitutes a departure from the essential requirements of law. *468 Ben-Jay Food Distributors, Inc. v. Warshaw, Fla., 70 So.2d 564.
Because of the deputy's disposition of the case, there was no finding as to the percentage of permanent partial disability. Accordingly, the order of the respondent commission is hereby quashed and the cause reversed and remanded to the deputy commissioner for further proceedings not inconsistent with this opinion.
It is so ordered.
THOMAS, C.J., and TERRELL, THORNAL and O'CONNELL, JJ., concur.