NIMMONS, Judge.
The employer and carrier appeal from an order awarding compensation benefits to the claimant because of an occupational disease known as “pleural mesothelioma” which resulted from the claimant’s exposure to asbestos particles.
This 57 year old claimant worked around and was exposed to asbestos particles from 1953 through 1972. He was employed by Keene Corporation in 1966 and continued in that firm’s employment through 1972. He became symptomatic in January 1984 and was diagnosed in March 1984 as having malignant pleural mesothelioma.
There is competent substantial evidence supporting the deputy commissioner’s finding that the claimant’s illness was an occupational disease within the meaning of Section 440.151, Florida Statutes[1] and that claimant’s exposure to asbestos while employed by Keene from 1966 through 1972 was a contributing factor in causing his illness.
Although the claimant was exposed to asbestos for thirteen years prior to his employment with Keene in 1966, the evidence shows that he was in the employ of Keene when he was last injuriously exposed to asbestos. Exposure during claimant’s prior employment is no defense herein.[2]
*791 The employer/carrier also contends that the limitations period provided for in Section 440.-151(l)(a) bars the claimant’s claim because the disease did not result within 350 weeks after claimant’s last exposure.[3] We reject that contention since a fair reading of the statute indicates that the 350-week period is applicable only to death claims.
AFFIRMED.
ZEHMER, J., and McCORD, GUYTE P., Jr., (Ret.), Associate Judge, concur.

. The version of Section 440.151 which is applicable in this case is that found in Florida Statutes, 1971, inasmuch as that was the law in effect at the time of the claimant’s last injurious exposure. See Hyatt v. Armstrong Cork Co., 121 So.2d 793 (Fla.1960).

. Section 440.151(5), Florida Statutes (1971) provides in part:
“(5) Where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease, and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier; and the notice of injury and claim for compensation, as hereinafter required, shall be given and made to such employer; provided, however, that in case of disability from any dust disease the only employer and insurance carrier liable shall be the last employer in whose employment the employee was last injuriously exposed to the hazards of the disease for a period of at least sixty days.”

. Section 440.151(l)(a), Florida Statutes (1971) provides:
"(a) Where the employer and employee are subject to the provisions of the workmen’s compensation law, the disablement or death of an employee resulting from an occupational disease as hereinafter defined shall be treated as the happening of an injury by accident, nowithstanding any other provisions of this chapter, and the employee or, in case of death, his dependents shall be entitled to compensation, as provided by this chapter, except as hereinafter otherwise provided; and the practice and procedure prescribed by ■ this chapter shall apply to all proceedings under this section, except as hereinafter otherwise provided. Provided, however, that in no case shall an employer be liable for compensation under the provisions of this section unless such disease has resulted from the nature of the employment in which the employee was engaged under such employer and was actually contracted while so engaged, meaning by “nature of the employment" that to the occupation in which the employee was so engaged there is attached a particular hazard of such disease that distinguishes it from the usual run of occupations and is in excess of the hazard of such disease in such employment, or, in case of death, unless death follows continuous disability from such disease, commencing within the period above limited, for which compensation has been paid or awarded or timely claim made as provided in this section, and results within three hundred fifty weeks after such last exposure.”