596 So.2d 112 (1992)
EASTERN AIRLINES, INC. and GAB Business Services, Appellants,
v.
Patricia CRITTENDEN and Travelers Insurance Co., Appellees.
No. 91-1274.
District Court of Appeal of Florida, First District.
March 11, 1992.
Rehearing Denied April 28, 1992.
Hinda Klein of Conroy, Simberg & Lewis, P.A., Hollywood, for appellants.
Peter S. Schwedock, Miami, for appellee Patricia Crittenden.
Jill E. Jacobs, Miller, Kagan & Chait, P.A., Coral Gables, for appellant Eastern Airlines, Inc.
ALLEN, Judge.
The employer and GAB Business Services, the carrier at the time of the claimant's last injurious exposure in this occupational disease case, appeal a workers' compensation order by which the claimant was awarded various benefits with GAB as the responsible carrier. We conclude that the appellee Travelers Insurance Company, which was the carrier at the time of earlier injurious exposures, should be responsible for the benefits which accrued before the claimant sustained an injurious exposure during GAB's period of risk.
Although the parties have presented this as an occupational disease case, the record demonstrates some confusion between the parties as to the relationship between occupational disease and prolonged exposure theory. While a prolonged exposure may sometimes produce an occupational disease, the doctrines are not identical, see e.g., Lake v. Irwin Yacht & Marine Corp., 398 So.2d 902 (Fla. 1st DCA 1981), and the characterization of an injury as an occupational *113 disease has significant consequences. Occupational diseases are governed by section 440.151, Florida Statutes, and the statute creates several distinctions between occupational diseases and other injuries. Section 440.151(5), Florida Statutes, establishes that the employer and carrier at risk when the claimant is last injuriously exposed to the hazards of an occupational disease shall alone be liable for the payment of compensation, without any contribution from a prior employer or carrier. It is the last injurious exposure, and not the initial development or occurrence of the disease, which is crucial in this regard. See Conner v. Riner Plastering Co., 131 So.2d 465 (Fla. 1961); Mundy v. McLean, 72 So.2d 275 (Fla. 1954); see also, Wood v. Harry Harmon Insulation, 511 So.2d 690 (Fla. 1st DCA 1987), rev. denied, 520 So.2d 584 (Fla. 1988).
The claimant developed a bronchial condition caused by exposures to cigarette smoke while she was working as a flight attendant. She had successive periods of disability during which she did not work and her condition would improve, whereupon she would return to work and her condition would worsen as a result of new exposures. Travelers was the carrier at risk until February 1, 1987, when GAB assumed the risk. At that time the claimant was temporarily grounded due to her bronchial condition, and she continued in that status through February 19, 1987. When the claimant then returned to work she sustained additional injurious exposures and a subsequent period of disability. She was ultimately awarded benefits for her disability both before and after February 19, but the judge ruled that GAB would be solely responsible for all of the benefits.
GAB argues that Travelers should be responsible for all of the benefits because it was the carrier at the time of the claimant's last injurious exposure before the initial period of disability. But section 440.151(5), Florida Statutes, does not limit a subsequent carrier's liability in this matter. The statute, which applies only to occupational disease claims, was construed in Sunshine Truck Plaza/Camp Oil Co. v. Tucker, 395 So.2d 265 (Fla. 1st DCA 1981). Like the present case, Sunshine Truck involved different carriers at risk and multiple exposures which produced an occupational disease with multiple periods of disability. In Sunshine Truck, section 440.151(5) was applied to each carrier insofar as it was at risk at the time of the last injurious exposure with regard to each period of disability. The earlier carrier was thus responsible for the benefits which accrued in connection with its period of risk, and the subsequent carrier was responsible for the benefits which accrued in connection with the subsequent injurious exposures when it was the carrier at risk.
In accordance with Sunshine Truck, to properly apply section 440.151(5) in the circumstances of the present case, GAB should be responsible for the benefits which were awarded for the period of time after the claimant's injurious exposures subsequent to February 19. But Travelers should be responsible for the benefits which were awarded for the prior period of time, as the claimant's last injurious exposure in connection with the earlier benefits occurred while Travelers was the carrier at risk. Travelers should also be responsible for any attorney's fee and costs awarded in connection with this earlier period of benefits.
The appealed order is reversed as indicated herein, and otherwise affirmed, and the cause is remanded.
ERVIN and WEBSTER, JJ., concur.