BARFIELD, Chief Judge.
In an action to collect the costs" of treating contamination at the site of a former battery processing operation, the tiial court entered summary judgment against the Florida Department of Environmental Protection and in favor of appellees, “generators” of hazardous waste under the Water Quality Assurance Act of 1983 (WQAA), chapter 83-310, Laws of Florida. The trial court’s ruling was premised upon the parties’ acknowledgment that the battery processing facility had ceased all operations in 1980, prior to passage of the WQAA, and upon his conclusion that the applicable liability provisions of the WQAA, sections 376.308(l)(b) and 430.727(4)(a), were not intended to have retroactive application. We reverse.
Appellant has raised numerous issues on appeal, but we find it necessary to address only one of them. We find that the *152 Florida Legislature intended the liability provisions of the WQAA to apply retroactively to those persons or entities whose actions contributing to the hazardous waste contamination preceded enactment of the WQAA. We further find that retroactive, application of those liability provisions, which are rationally related to a valid legislative purpose, does not violate, .constitutional due process guarantees.
The language of the operative liability provisions in the Florida law closely mirrors comparable provisions in the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601 et seq., the federal legislation aimed at cleaning up inactive and abandoned hazardous waste sites, which became effective on December 11,1980. Florida courts have held that when Florida legislation is modeled upon federal law, the-state courts should give the Florida legislation the same construction as the federal courts give the federal legislation.[1] Federal courts have consistently found that Congress clearly intended CERCLA “to reach conduct preceding CERCLA’s enactment.” U.S., v. Olin Corp., 107 F.3d 1506, 1513 (11th Cir.1997). In particular, they have found that .CERCLA’s liability provisions, including section 9607(a), under which the federal government may sue generators, transporters, and owners of hazardous waste for reimbursement of response costs, were intended to be applied retroactively, and may be so applied without violating the United States Constitution’s due process guarantee.[2]
In determining Congressional intent with respect to retroactive application of CERC-LA, the federal courts have looked to the repeated use of the past tense in the statutory language, and to the purposes of the statute, as indicated by its structure and legislative history. They have found that CERCLA was enacted for the twin purposes of dealing with contamination that preceded the statute’s effective date, and of placing the ultimate responsibility for the cleanup of hazardous waste on those responsible for the problems caused by its disposal and who have profited from inexpensive waste disposal methods that may have been technically “legal” prior to CERCLA’s enactment, but the environmental damage from which was certainly foreseeable at the time. They have noted that these purposes can be achieved only through retroactive application of CERCLA’s liability provisions. They have found that legislative acts adjusting the burdens and benefits of economic life are presumed constitutional and are not unlawful solely because they upset otherwise settled expectations, even though the effect of the legislation is to impose a new duty or liability based on past acts, and that substantive due process dictates are satisfied by showing that the retroactive application of the legislation is justified by a valid legislative purpose, citing Usery v. Turner Elkhom Mining Co., 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976) and Pension Benefit Guaranty Corp. v. R.A. Gray, & Co. 467 U.S. 717, 104 S.Ct. 2709, 81 L.Ed.2d 601 (1984). They have held that CERCLA’s goal of cleaning up inactive and abandoned hazardous waste disposal sites is a legitimate legislative purpose, and that Congress acted rationally in imposing liability for the cost of such cleanup upon those who created and profited from the sites.
In one of those federal court opinions, Florida Power & Light Co. v. Allis Chalmers *153 Corp, 893 F.2d 1313, 1317 n. 3 (11th Cir.1990), the court noted: “Fla.Stat. § 403.727(4)(c) is identical to 42 U.S.C. § 9607(a)(3). For the purposes of this opinion, our discussion concerning 42 U.S.C. § 9607(a)(3) should be treated as applicable to Fla.Stat. § 403.727(4)(c).” We agree that the WQAA should be interpreted in the same manner as CERCLA.
Because we find that the liability provisions of the WQAA were intended to be applied retroactively, we REVERSE the summary judgment lor the appellees and REMAND the case to the trial court for further proceedings.
ALLEN and WEBSTER, JJ., CONCUR.

. See State ex rel Feldman v. Kelly, 76 So.2d 798 (Fla.1954); Department of Environmental Regulation v. SCM Glidco Organics Corp., 606 So.2d 722 (Fla. 1st DCA 1992); Brown v. State, 426 So.2d 76 (Fla. 1st DCA 1983); International Brotherhood of Painters v. Anderson, 401 So.2d 824 (Fla. 5th DCA 1981).

. See U.S. v. Olin Corp., 107 F.3d 1506 (11th Cir.1997), U.S. v. Monsanto Co., 858 F.2d 160 (4th Cir.1988), and U.S. v. Northeastern Pharmaceutical & Chemical Co., Inc., 810 F.2d 726 (8th Cir.1986), and the cases cited therein. See also Redwing Carriers, Inc. v. Saraland Apts., 94 F.3d 1489 (11th Cir.1996); Virginia Properties, Inc. v. Home Ins. Co., 74 F.3d 1131 (11th Cir.1996); In re Penn Central Transp. Co., 944 F.2d 164 (3d Cir.1991); Florida Power & Light Co. v. Allis Chalmers Corp., 893 F.2d 1313 (11th Cir.1990); Dedham Water Co. v. Cumberland Farms Dairy, Inc., 805 F.2d 1074 (1st Cir.1986). The federal district court for the Southern District of Florida is among the many federal district courts holding that CERCLA applies retroactively, see U.S. v. Miami Drum Services, Inc., 25 ERC 1469 (S.D.Fla.1986); Bulk Distribution Centers, Inc. v. Monsanto Co., 589 F.Supp. 1437 (S.D.Fla.1984).