LAWSON, J.
General Dynamics Corporation and General Dynamics Land Systems, Inc., (collectively “General Dynamics”), defendants below, timely appeal a non-final order denying their motion for final summary judgment asserting immunity from suit under Florida’s Workers’ Compensation Act, (the “Act”).[1] The forty-one plaintiffs were all former General Dynamics employees (or their legal representatives), who sued under Florida’s Water Quality Assurance Act, (the “WQAA”),[2] for personal injuries or wrongful deaths allegedly caused by occupational exposure to hazardous sub *336 stances at General Dynamics’ telephone equipment manufacturing facility in Lake Mary, Florida. We hold that Defendants are entitled to workers’ compensation immunity and reverse.

Plaintiffs’ Claims

Plaintiffs allege that General Dynamics improperly stored, spilled, discharged, disposed of and dumped toxic chemicals in and around its Lake Mary facility, contaminating the facility (along with the land, water and groundwater at and around the facility) to levels hazardous to human health and safety. Plaintiffs claim damages for the physical illnesses (and, in some cases, death), caused by then* exposure to this toxic pollution while working at the facility.

Florida’s Water Quality Assurance Act

The WQAA, specifically section 376.313, provides a strict liability cause of action against owners of real property for damages caused by surface or ground water contaminants on the property. A person bringing a WQAA suit does not need to “plead or prove negligence in any form or manner ... [but] need only plead and prove the fact of the prohibited discharge or other pollutive condition and that it has occurred.” § 376.313(3), Fla. Stat. (2008). This subsection then provides that “[t]he only defenses to such cause of action shall be those provided in s. 376.308.” Section 376.308 lists four basic defenses: “(a) An act of war; (b) An act of government ...; (c) An act of God ...; or (d) An act or omission of a third party, other than an employee or agent of the defendant....” § 376.308(2), Fla. Stat. (2008).

Florida’s Workers’ Compensation Act

Florida Workers’ Compensation Act sets forth a comprehensive scheme providing disability and medical benefits to workers injured during the course of their employment. See generally §§ 440.01-440.60, Fla. Stat. (2008); Bakerman v. Bombay Co., Inc., 961 So.2d 259 (Fla. 2007). Employees who fall within the Act’s scope are generally compensated irrespective of the employer’s fault in causing their injuries. See §§ 440.09, 440.10(2), Fla. Stat. (2008). In exchange, employers complying with the Act are given immunity from civil suit by the employee, except in cases where “[t]he employer deliberately intended to injure the employee” or “[t]he employer engaged in conduct that the employer knew ... was virtually certain to result in injury or death to the employee ....” § 440.11(l)(b), Fla. Stat. (2008). “The philosophy of workmen’s compensation is that when employer and employee accept the terms of the [A]ct their relations become contractual and other statutes authorizing recovery ... become ineffective.” Howze v. Lykes Bros., 64 So.2d 277, 277-78 (Fla.1953) (citations omitted). In this regard, the Act provides that workers’ compensation “shall be exclusive and in place of all other liability” for “anyone otherwise entitled to recover damages from [an] employer ... [for an employee’s] injury or death.” § 440.11(1), Fla. Stat. (2008).
It is undisputed that during all relevant timeframes, approximately 1969 through 1982, General Dynamics maintained workers’ compensation insurance coverage for its employees, including Plaintiffs. Further, Plaintiffs have not attempted to plead their cause of action as an intentional tort, so as to fall within the Act’s exception for intentional employer misconduct. And, Florida courts have consistently held that the Act applies to injuries caused by workplace exposure to hazardous substances. See, e.g., Czepial v. Krohne Roofing Co., 93 So.2d 84 (Fla.1957); Wilks v. Boston Whaler, Inc., 691 So.2d 629 (Fla. 5th DCA 1997); Eastern Airlines, Inc. v. Crittenden, 596 So.2d 112 (Fla. 1st DCA 1992); Wiley v. Southeast Erectors, Inc., 573 So.2d 946 (Fla. 1st DCA 1991); Brevard Co. Mental Health Ctr. v. Kelly, 420 So.2d 911 (Fla. 1st DCA 1982).

*337
Apparent Conflict Between the Act and the WQAA

Sections 873.313(3) and 440.11(1), Florida Statutes, appear to conflict. Section 440.11(1) makes workers’ compensation the “exclusive” remedy for an employee’s injuries, “in place of all other liability” against his or her employer. Thus, section 440.11(1) would afford General Dynamics workers’ compensation immunity from Plaintiffs’ WQAA claims. However, section 376.313(3) limits defenses for a WQAA claim to “only” those listed in section 376.308. And, that section does not list workers’ compensation immunity as a recognized WQAA defense.

Analysis

Courts faced with conflicting statutes must attempt to “adopt an interpretation that harmonizes the related statutes while giving effect to each.” State v. Miller, 888 So.2d 76, 77 (Fla. 5th DCA 2004) (citations omitted). Toward that end, we have carefully considered the text of each statute and believe that there is a reasonable interpretation of the relevant WQAA text that does not conflict with the exclusive liability clause of the Workers’ Compensation Act. See Antonin Scalia, A Matter of Interpretation: Federal Courts and the Law 23 (Princeton University Press 1997) (“A text should not be construed strictly, and it should not be construed leniently; it should be construed reasonably to contain all that it fairly means.”).
Our analysis focuses on what the WQAA means when it says that “the only defenses to such cause of action are those provided in s. 376.308.” In context, this language follows immediately after the strict liability language of the statute, which relieves a potential plaintiff of the burden to prove negligence “in any form or manner” by the defendant, and makes the defendant liable based solely upon proof that pollution occurred on its land. The “only defenses” language then creates exceptions to the rule of strict liability announced in the prior sentence for acts of God, acts of war, acts of the government and acts of others. Viewed in context, then, the “only defenses” language can reasonably be read as dealing with fault-focused defenses or, put another way, strict liability exceptions.[3]
At least one federal court has reached a similar conclusion in construing language in the federal Comprehensive Environmental Response, Compensation, and Liability Act (“CERCLA”), 43 U.S.C. § 9601, et seq., which contains a comparable provision allowing as the “only defenses” acts of war, acts of God and acts of third parties. See 42 U.S.C. § 9607(b).[4] In Town of Munster v. Sherwin-Williams Co., Inc., 27 F.3d 1268, 1271-72 (7th Cir. 1994), the Seventh Circuit held that the comparable CERCLA language bars a defendant from raising equitable defenses to liability. Although beyond the necessary scope of the holding in that case, the Sher-win-Williams court further commented that it “doubt[ed] seriously” that the word “ ‘defenses’ as CERCLA employs that term” meant statutory or legal defenses “in a broad sense.” Id. at 1272. Rather, *338 the court explained that the term “defenses” appears to be “addressing the causation element of the underlying tort” or defenses “negating the plaintiffs prima fa-cie showing of liability.” The court then concluded that the “only defenses” language could not reasonably be read as barring defenses which “interpose! ] a legal or statutory shield against having to litigate (or relitigate) the issue or case[,]” such as “res judicata, collateral estoppel,” and other similar defenses. Id.
Although this language from the Sher-win-Williams case is clearly dicta, even Plaintiffs concede that it would not be reasonable to read section 376.313(3) as barring all legal and statutory defenses not listed in section 376.308, Florida Statutes, as a bar to WQAA claims. For example, Plaintiffs concede that if they were to settle their WQAA claims with General Dynamics, and exchange releases, the releases could be raised as a defense to any further WQAA claims by Plaintiffs — even though release and settlement are not listed in section 378.308 as available defenses. Similarly, Plaintiffs concede that the “only defenses” language cannot reasonably be read as barring defenses such as improper venue, lack of personal jurisdiction, res judicata, and the statute of limitations. Of course, workers’ compensation immunity is similar to these other basic statutory or legal defenses in that workers’ compensation immunity acts as a shield against having to litigate the case in the first instance — the same distinction drawn by the Sherwin-Williams court.
Construing the “only defenses” language more narrowly, as addressing exceptions to the general rule of strict liability, and not as broadly referring to any and all statutory or legal defenses, resolves the apparent conflict between the WQAA and the Act. This is a more reasonable reading of the “only defenses” language, in context, and we therefore adopt it.
Our conclusion that the WQAA should not be read as barring the workers’ compensation immunity defense is bolstered by decisions from other Florida courts, which have consistently subjected statutory causes of action to the workers’ compensation exclusivity provision. For example, in Pacheco v. Florida Power & Light Co., 784 So.2d 1159 (Fla. 3d DCA 2001), the Third District considered an argument that section 553.84, Florida Statutes, expressly allowed anyone to sue for injuries resulting from a building code violation, in addition to other remedies available under Florida law. The language of the statute could have been read that broadly. It provided that “Notwithstanding any other remedies available” a person injured as a result of a building code violation “has a cause of action in any court of competent jurisdiction against the person or party who committed the violation.” § 553.84, Fla. Stat. (2001). Like the WQAA, the building code then provided a defense to liability, and nowhere acknowledged workers’ compensation immunity as a defense. In rejecting the argument that section 553.84 created a cause of action that was not subject to the workers’ compensation immunity provision, the Third District observed that the Workers’ Compensation Act provides “broad employer immunity from liability actions” and that despite plaintiffs contention that the building code trumped the Act, “[t]he law simply does not permit recognition of the immunity exception for which [plaintiff] contends.” Id. at 1162-63.
Similarly, in Crosby v. Regional Utility Bd., City of Gainesville, 400 So.2d 1024 (Fla. 1st DCA 1981), the First District held that a claim under the Hazardous Occupations Act, chapter 769, Florida Statutes, was subject to a workers’ compensation immunity defense even though that statute made no reference to workers’ *339 compensation, and was expressly enacted to provide a cause of action for injured workers employed in specifically identified industries. In reaching its conclusion, the First District noted the importance of the Act, and that “ ‘immunity is the heart and soul of this legislation....’” Id. at 1026 (quoting Seaboard Coast Line Railroad Company v. Smith, 359 So.2d 427, 429 (Fla.1978)); see also Mullarkey v. Florida Feed Mills, Inc., 268 So.2d 363 (Fla.1972) (noting that the “exclusiveness of remedy embodied in ... [the Act] appears to be a rational mechanism for making the compensation system work in accord with the purposes of the Act” and that it is “fully within the power of the Legislature to provide for a Workmen’s Compensation system which supersedes other legislation affecting compensation or relief after death or injury”); Woodson v. Ivey, 917 So.2d 993, 996 (Fla. 5th DCA 2005) (“Florida courts interpret the Act broadly to preserve immunity ....”) (citations omitted).
Finally, we address Plaintiffs’ argument that the First District in Cunningham v. Anchor Hocking Corporation, 558 So.2d 93 (Fla. 1st DCA 1990), construed the WQAA “only defenses” language broadly, as barring a workers’ compensation immunity defense. Cunningham also involved a suit by employees for injuries allegedly caused by toxic substances in the workplace. Unlike this case, however, the Cunningham plaintiffs alleged that the defendants in that case had either intentionally exposed them to toxic substances “with a deliberate intent to injure them” or, alternatively, with knowledge that the intentional exposure “was substantially certain to result in injury to or the death of the plaintiffs.” Id. at 95. The primary holding in Cunningham is that the plaintiffs in that case had “alleged a cause of action in intentional tort outside the scope of the Workers’ Compensation Act.”[5] Nevertheless, a close reading of the Cunningham opinion confirms Plaintiffs’ contention that the Cunningham court appears to have authorized a separate WQAA claim based upon that court’s conclusion, without analysis, that the “only defenses to such cause of action ...” [are] those specified in s. 376.308, id. at 99, which “does not list immunity under the Workers’ Compensation Act.... ” Id. at 99, n. 2.
Our analysis leads us to a different conclusion. As such, we certify conflict with Cunningham.
REVERSED; CONFLICT CERTIFIED.
EVANDER, J., and PERRY, B., Associate Judge, concur.

. This is an appealable non-final order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v). The case involves an issue of statutory construction, with a de novo standard of review. E.g., Am. Honda Motor Co. v. Cerasani, 955 So.2d 543 (Fla.2007).

. General Dynamics refers to the 2008 version of the WQAA, and the 2003 version of the Workers’ Compensation Act. Plaintiffs provide no year citations for either the WQAA or the Workers’ Compensation Act and otherwise do not dispute the versions asserted by General Dynamics. Accordingly, we will refer to the 2008 version for both the WQAA and the Workers’ Compensation Act as the latter has not been amended between 2003 and 2008.

. This reading is consistent with "the canon of statutory construction ejiisdem generis, which states that when a general phrase follows a list of specifics, the general phrase will be interpreted to include only items of the same type as those listed.” State v. Hearns, 961 So.2d 211, 219 (Fla.2007) (citing Fayad v. Clarendon Nat’l Ins. Co., 899 So.2d 1082, 1088-89 (Fla.2005)).

. The WQAA is modeled after CERCLA. See State Dep't of Env. Protection v. Allied Scrap Processors, Inc., 724 So.2d 151, 152 (Fla. 1st DCA 1998). And, generally, "when Florida legislation is modeled upon federal law, the state courts should give the Florida legislation the same construction as the federal courts give the federal legislation.” Id. (citations omitted).

. As noted previously, the Act contains an express exception for intentional torts. However, in this case Plaintiffs did not include an intentional tort cause of action in their complaint. Whether Plaintiffs should be permitted to amend the complaint to plead an intentional tort, at this stage of the litigation, is not an issue before us.