LAWSON, J.,
specially concurring.
I concur in the majority opinion, but write separately to briefly address three flaws in the dissent’s analysis.
First, the dissent discusses the “prevailing interpretation” of this portion of the statute of frauds as if there is no other recognized interpretation. The dissent correctly states the majority rule concerning contracts of “indefinite duration” — that only those contracts which “cannot possibly be completed within a year” are barred. Restatement (Second) of Contracts § 130 cmt. a (2012). “There is, however, a line of cases holding that where it clearly appears from the nature of the contract that the parties contemplated a permanent arrangement necessarily extending beyond the year or that they did not contemplate performance within a year, the contract is within the statute and must be in writing.” 72 Am. Jur. 2d Statute of Frauds § 13 (2013). Not surprisingly, this treatise lists Florida as one of four jurisdictions where this minority rule is used, citing to Yates v. Ball, 132 Fla. 132, 181 So. 341 (1937); 72 Am. Jur. 2d Statute of Frauds § 13 at n. 5; see also Leon v. Kelly, 618 F.Supp.2d 1334, 1342 (D.N.M.2008) (“The minority approach is to allow the parties’ actual understanding and the surrounding circumstances to influence whether an agreement is within the Statute of Frauds.” (citing LynlcUs Commc’ns, Inc. v. WebMD Corp., 965 So.2d 1161, 1165 (Fla. 2d DCA 2007))).
Second, I disagree with the dissent’s view that the “minority rule” “ignores the plain language of the statute, which only brings within its ambit those contracts that cannot be performed within [a year].” (Emphasis added). Section 725.01 provides in relevant part that:
No action shall be brought ... upon any agreement that is not to be performed within the space of 1 year from the making thereof .... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.
§ 725.01, Fla. Stat. (2013) (emphasis added). The dissent reads the phrase “is not to be performed within the space of 1 year” to mean “is not [capable of being] performed within the space of 1 year.” The majority reads the phrase “is not to be performed within the space of 1 year” to mean “is [neither intended nor likely] to be performed within the space of 1 year.” Although both are plausible readings of the statute’s plain language, I believe the *148 latter to be a more reasonable interpretation because it is consistent with the purposes' of the statute, which are to require more significant contracts to be in writing and to guard against the evidentiary problems that would occur if oral contracts where sought to be enforced years after their making. See, e.g., Larimore v. State, 2 So.3d 101, 106 (Fla.2008) (“A court’s purpose in construing a statute is to give effect to legislative intent ....”); see also Gen. Dynamics Corp. v. Brottem, 53 So.3d 334, 337 (Fla. 5th DCA 2010) (“A text should not be construed strictly, and it should not be construed leniently; it should be construed reasonably to contain all that it fairly means.’ ”) (quoting Antonin Scalia, A Matter of Interpretation: Federal Cowis and the Law 23 (1997)). It defies reason to suggest that the legislature intended this statute to apply to a fixed duration contract of one year and a day, but not to a contract that the parties fully expected and intended to last for years or decades based upon a hypothetical possibility, no matter how slight, that the contract might be performed in less than a year.[2]
Ironically, the well-recognized origin of the “prevailing view” promoted by the dissent in this case is the judiciary’s expressed desire to narrow the rule to as few cases as possible based upon a view that the rule unfairly limits meritorious claims. See, e.g., C.R. Klewin, Inc. v. Flagship Props., Inc., 220 Conn. 569, 600 A.2d 772, 776 (1991) (“[T]he one-year provision [of the statute of frauds] no longer seems to serve any purpose very well, and today its only remaining effect is arbitrarily to forestall the adjudication of possibly meritorious claims. For this reason, the courts have for many years looked on the provision with disfavor, and have sought constructions that limited its application.”). Of course, it is beyond settled that a statute should “not be so narrowly construed that its purpose is undermined or frustrated!.]” Headley v. City of Miami, 118 So.3d 885, 891 (Fla. 1st DCA 2013) (citations omitted). Yet, the dissent advocates a narrowing construction that was adopted for the express purpose of undermining the statute. I favor a plain language construction that gives effect to the statute’s purposes.
Third, I take issue with the dissent’s criticism that the majority in this case is misreading the following critical language from Yates:
[W]hen no time is agreed on for the complete performance of the contract, if from the object to be accomplished by it and the surrounding circumstances, it clearly appears that the parties intended that it should extend for a longer period than a year, it is within the statute of frauds, though it cannot be said that there is any impossibility preventing its performance within a year.
181 So. at 344. This is as clear a statement of the “minority view” as you will *149 find in any case or treatise. The dissent’s strained reading of this passage hinges on defining the word “should” to mean “must,” which is again admittedly a possible definition of the word. The word is alternatively used “to express what is probable or expected.” Merriam-Webster’s Collegiate Dictionary 1153 (11th ed. 2012). To me, this meaning makes more sense in context. The dissent’s contrary reading renders the passage pointless. In other words, it makes no sense to focus on the “object to be accomplished” or what the “parties intended” if the question is governed solely by looking at whether the terms of the contract can possibly be performed within a year.
Finally, I note that confusion and uncertainty exists in Florida because the Yates court articulated both the prevailing view and the minority rule without choosing either, and our courts have been attempting to apply both ever since. It is my hope that our supreme court will finally and definitively address the issue in this case. Although the minority rule makes more sense to me, either approach is better than the uncertainty created by attempting to apply both.
ORFINGER, J., concurs.

. It is easy to envision scenarios involving the factual context of this case — oral agreements to split lottery proceeds — where the majority rule would exempt from the statute of frauds the very kind of dispute that the statute appears to have been enacted to bar. For example, one college roommate says to the other (probably over a beer): "Let’s agree that if either of us ever wins the lottery, we will split the proceeds.” The other roommate says, "Sure.” They do not discuss the matter again and after graduating from college eventually lose touch with each other until one sees a news report announcing that the other has just claimed a large lottery jackpot twenty-eight years later. Most reasonable people reading the statute of frauds would probably agree both that: (1) the statute by its express terms bars a claim on this oral agreement; and (2) that it makes sense that it should do so. Yet, the majority rule which Chief Judge Torpy implores us to apply in this case would allow the claim to proceed in this hypothetical.